1  Ronald Wilcox, Esq., 176601
   2160 The Alameda, First Floor, Suite F
2  San Jose, CA 95126
   Tel: (408) 296-0400
3  Fax: (408) 296-0486

4  O. RANDOLPH BRAGG, IL Bar No. 6221983
   HORWITZ, HORWITZ & ASSOCIATES
5  25 East Washington Street, Suite 900
   Chicago, IL 60602
6  Tel:  (312) 372-8822
   Fax: (312) 372-1673

**ATTORNEYS FOR PLAINTIFF**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

NANCY CAMPOS, an individual, on  )
behalf of herself and all others similarly  )
situated,  )
                                  )
              Plaintiff,  )
                                  ) Case No._____
         v.                       )
                                  )
WESTERN DENTAL SERVICES, INC.  )
and JENNIFER ROTH,  )
                                  )
              Defendants.  )
_____  )

# CLASS ACTION COMPLAINT

# JURY TRIAL DEMANDED

## I.  INTRODUCTION

1.     This action is brought as a class by Plaintiff Nancy Campos ("Ms. Campos") on behalf of herself and all others similarly situated, to redress Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.*, ("state Act").

2. Plaintiff seeks a judgment declaring Defendants' collection practices unlawful and in violation of 15 U.S.C. § 1692 et seq. and Civil Code § 1788. The FDCPA was enacted in 1977 upon a finding by Congress, "That there is abundant evidence of the use of abusive, deceptive and unfair collection practices by many debt collectors." The term "debt collector" includes any creditor, who in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts (Defendant Western Dental uses the name of attorney "Jennifer Roth" in its attempts to collect debts.) Additionally, Debt collectors must comply with the FDCPA's notice requirements under 15 U.S.C. § 1692g and § 1692e(11). Furthermore, federal law prohibits the use of false, deceptive, and misleading practices in an attempt to collect a debt. Among such representations prohibited are: a creditor cannot use any false representation or deceptive means in an attempt to collect a debt, a debt collector cannot falsely represent the nature of its relationships or that an attorney has been meaningfully involved, and it is unlawful to design, compile and furnish deceptive forms used to create a belief that a third person is involved in collecting a debt.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331. Supplemental jurisdiction exists over state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in this district as all relevant events took place here.

## III. PARTIES

4. Plaintiff, NANCY CAMPOS (hereinafter "Ms. Campos,") is an individual who at all relevant times to this Complaint was a resident of Sunnyvale, California and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by California Civil Code § 1788.2.

6. Defendant, WESTERN DENTAL SERVICES, INC. (hereinafter "Defendant Western Dental "), is a Corporation with its principal place of business at 530 S. Main Street, P.O. Box 14288, Orange, CA 92863-1227. In collecting its debts, Defendant Western Dental uses any name other than his own which would indicate that a third person is collecting or

attempting to collect such debts.  Defendant Western Dental is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2.

7. Defendant, JENNIFER ROTH (hereinafter "Defendant Roth"), is an attorney and regularly attempts to collect debts allegedly due to another.  Defendant Roth reports an address to the State Bar of California as: Western Dental Services, Inc., 530 S. Main St., P.O. Box 14227, Orange, CA 92863-1227.  Defendant Roth is liable for the acts alleged below since she directed the unlawful activities described herein.  Defendant Roth is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

8. Defendant Western Dental and Defendant Roth are sometimes hereinafter collectively referred to as Defendants.  Plaintiff alleges on information and belief that each defendant herein is acting in on behalf of one another, and is the agent and/or employee of, or authorized by, each other defendant.  Any reference to "Defendant" or "Defendants" means all defendants as stated above.

## IV.  FACTUAL ALLEGATIONS

9. Ms. Campos incurred a consumer debt for personal, family, or household purposes to Western Dental Services, Inc. for an alleged amount of $1, 725.00.  The debt arose from a consumer credit transaction.

10. Ms. Campos experienced difficulty in repaying her debt to Western Dental Services, Inc.

11. On or about February 10, 2005, Western Dental Services, Inc. sent Ms. Campos a collection notice in an attempt to collect a debt or collect payment on a debt.  The February 10, 2005 collection notice attached to the complaint as Exhibit A is a true and correct copy.

12. Exhibit A contained a return address that read:

FROM

WESTERN DENTAL
P.O. BOX 14228
ORANGE, CA 92863
800-537-2884

CLASS ACTION COMPLAINT - 3

13. <u>Exhibit A</u> referred to account number OSJ 86333.

14. The body of <u>Exhibit A</u> read:

ADJUSTERS NOTICE

IF YOU FAIL TO TAKE CARE OF THIS IMMEDIATELY, WE COULD BE FORCED TO ASSIGN YOUR ACCOUNT TO AN OUTSIDE COLLECTION AGENCY.

PAY THIS DEBT TODAY … OR CALL SO WE CAN DISCUSS THIS SITUATION.

SINCERELY,

COLLECTION DEPARTMENT            800-537-2884

15. On or about February 18, 2005, Defendants sent Ms. Campos a collection letter in an attempt to collect a debt. The February 18, 2005 collection letter attached to the complaint as <u>Exhibit B</u> is a true and correct copy.

16. <u>Exhibit B</u> contained a letterhead that read:

LAW OFFICES OF
# JENNIFER ROTH
P.O. BOX 14228

ORANGE, CALIFORNIA 92863

17. <u>Exhibit B</u> referred to the patient account number 86333 and office code R0217 OSJ.

18. The body of <u>Exhibit B</u> read:

"I am legal counsel for Western Dental Services, Inc. ("Western Dental"). In spite of the numerous opportunities Western Dental has extended to you, you have failed to make payments on your account, and as a result, your account is delinquent. This matter has been referred to me prior to assigning your account to a collection agency.

Western Dental authorizes collection agencies to report delinquent accounts to the credit bureaus. In addition, the agencies have attorneys on retainer, and upon their recommendation, Western Dental will approve the pursuit of litigation against you when appropriate.

This will be your final opportunity to remit the past due amount prior to the assignment of this account to a collection agency. If we do not hear from you within seven (7) days of the date of this letter, we will proceed with the process of referring your account to a collection agency.

Please contact our legal account administrator regarding this matter.  Mrs. Fender can be reached at 1-800-537-2884."

19. The signature line of <u>Exhibit B</u> read **"Jennifer Roth, Esq."** and contained a hand-written signature.

20. <u>Exhibit B</u> contained false, deceptive, and misleading statements and representations in an effort to collect a debt or collect payment on a debt.

21. On information and belief, Ms. Campos contends Defendants falsely represented they had retained some outside legal counsel when in fact Defendant Roth is an employee, working in-house, with Defendant Western Dental.

22. On information and belief, Ms. Campos contends <u>Exhibit B</u> is false in that no attorney was meaningfully involved in sending the letter.

23. Ms. Campos contends Defendants use the weight and authority of an attorney letterhead in an effort to collect a debt or collect payment on a debt.

24. <u>Exhibit B</u> failed to provide Ms. Campos with a validation notice required by 15 U.S.C. 1692g.

25. <u>Exhibit B</u> failed to provide Ms. Campos with a notice of her rights under California law as required by Civil Code 1812.700.

26. <u>Exhibit B</u> demanded payment of a debt and failed to inform Ms. Campos that under federal law should had the right to dispute the debt and request verification of the debt.

27. On information and belief, Ms. Campos contends <u>Exhibit B</u> falsely threatened immediate action not intended within the time frame threatened in an effort to collect a debt.

28. On information and belief, Ms. Campos contends <u>Exhibit B</u> used false and misleading statements and representations that created a false sense of urgency in an effort to collect a debt.

## V. <u>DEFENDANTS' PRACTICES</u>

29. Defendants regularly mail communications in the form of Exhibit B which contains false and misleading representations, including, misrepresenting to consumers that Defendant Western Dental has referred their accounts to an outside, independent attorney.

30. Defendant Western Dental uses a name other than its own which would falsely indicate that a third person is collecting or attempting to collect a debt.

31. Defendants fail to provide notices to consumer of their rights under 15 U.S.C. § 1692g and § 1692e(11).

32. Defendants fail to provide notices to consumers of their rights under Civil Code § 1812.700.

33. Defendants design, compile and furnish deceptive forms used to create a belief that a third person is involved in collecting a debt, in violation of § 15 U.S.C. 1692j.

## VI.  CLASS ALLEGATIONS

30. Plaintiff brings this action as a class action.  The Class consists of (i) all persons who were sent at an address in San Jose (ii) a letter in the form of Exhibits B (iii) by Defendants in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which was not returned undelivered by the U.S. Post Office and (v) sent during the one year period prior to the filing of the complaint in this action.

31. Plaintiff alleges on information and belief that the class is so numerous that joinder of all members is impractical.

32. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are whether in Exhibit B Defendant:

a) used a name other than his own which would indicate that a third person is collecting or attempting to collect a debt,

b) violated 15 U.S.C. § 1692e, § 1692e(10), by falsely representing that some outside attorney was handling the account,

   c)  violated § 1692j by unlawfully designing, compiling or furnishing deceptive forms used to create a belief that a third person is involved in collecting a debt,

   d)  violated § 1692g and § 1692e(11) by failing to provide consumers notice of their rights,

   e)  violated § 15 U.S.C. § 1692g and 15 U.S.C. § 1692e(11) by failing to provide consumers,

   f)  violated § 15 U.S.C. 1692e(3) by falsely representing an attorney was meaningfully involved,

   g)  violated Civil Code § 1812.700 by failing to provide consumers notice of their rights,

   h)  violated 15 U.S.C. § 1692e(10) by falsely threatening immediate action not intended within the time frame threatened,

   i)  violated 15 U.S.C. § 1692e(10) by using false and misleading statements that created a false sense of urgency.

33. Ms. Campos's claims are typical of the class members, as all are based on the same facts and legal theories.

34. Ms. Campos will fairly and adequately protect the interest of the class. She has retained counsel experienced in handling class actions involving unlawful practices under the FDCPA and CA FDCPA. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

35. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

   (1)  The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

   (2)  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII. CLASS CLAIM FOR RELIEF - FDCPA

36. Plaintiff incorporates by reference each and every paragraph alleged above.

37. This Count is brought on behalf of the Class.

CLASS ACTION COMPLAINT - 7

38. The foregoing acts and omission of Defendants constitute violations of the FDCPA including, but not limited to, §§ 1692e, 1692e(10), 1692e(11), 1692g and 1692j.

38. Defendants violated §§ 1692e and 1692e(10) by using a name other than its own to mislead the least sophisticated consumer that third person was collecting or attempting to collect a debts,

39. Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), by falsely representing that some independent outside attorney was handling the account.

40. Defendants violated 15 U.S.C. §§ 1692e(3) by falsely representing an attorney was meaningfully involved.

41. Defendants violated § 1692j by unlawfully designing, compiling or furnishing deceptive forms used to create a belief that a third person is involved in collecting a debt.

42. Defendants violated §§ 1692g and 1692e(11) by failing to provide consumers required notices.

43. Defendants violated § 15 U.S.C. 1692e(10) by falsely threatening immediate action not intended within the time frame threatened.

## VIII. CLAIM FOR RELIEF CA FDCPA
### (as against Defendant Western Dental)

42. Plaintiff repeats, re-alleges, and incorporates by reference each and every paragraph alleged above.

44. Defendants violated Civil Code § 1788, including but not limited to the allegations plead below.

45. Defendants violated Civil Code § 1788, by failing to provide notices required by Civil Code 1812.700.

53. Defendants violated Civil Code section § 1788.17, which requires "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j" of Title 15 United

States Code (FDCPA) and be subject to the rights and remedies under 15 U.S.C. 1692k.

54. Defendants violated Cal. Civil Code § 1788.13(c) by falsely representing a communication was form an attorney.

54. Defendants violated Cal. Civil Code § 1788.13(k) by falsely representing that Ms. Campos's account was about to be referred to a collection agency.

55. Pursuant to Cal. Civil Code § 1788.32, the remedies under Civil Code § 1788 are intended to be cumulative and in addition to any other remedies under existing law.

## X. PRAYER FOR RELIEF

WHEREFORE, Nancy Campos on behalf of herself, and all others similarly situated request of this Court the following monetary and equitable relief.

A. An Order certifying that the action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and Plaintiff's undersigned counsel to represent the Class.

B. As against both Defendants: Pursuant § 15 U.S.C. 1692k - Statutory damages of $1,000 for the individual Ms. Campos, and statutory damages for the class of $500,000, or up to 1% of Defendants' net worth, whichever is lesser.

C. As against Defendant Western Dental: Pursuant to Civil Code § 1788.17 and § 1788.30- Statutory damages of $1,000 for the individual Ms. Campos, and statutory damages for the class of $500,000, or up to 1% of Defendants' net worth, whichever is lesser.

D. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(B)(3) and Civil Code § 1788.30.

C. Such other and equitable relief as this Court may deem necessary or proper.

Respectfully submitted,

_____     _____
Ronald Wilcox, Attorney for Plaintiff         Date

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: _____        _____
                                                     Ronald Wilcox
                                                     2160 The Alameda, First Floor, Suite F
                                                     San Jose, CA 95126
                                                     (408) 296-0400
                                                     (408) 296-0486 (Fax)

                                                   O. RANDOLPH BRAGG
                                                   HORWITZ, HORWITZ & ASSOCIATES
                                                   25 East Washington Street, Suite 900
                                                   Chicago, IL 60602
                                                   (312) 372-8822
                                                   (312) 372-1673 (Fax)