1  Ronald Wilcox, Esq., 176601
   2160 The Alameda, First Floor, Suite F
2  San Jose, CA 95126
   Tel: (408) 296-0400
3  Fax: (408) 296-0486

4  O. Randolph Bragg, IL Bar No. 6221983
   Craig M. Shapiro, IL Bar No. 6284475
5  HORWITZ, HORWITZ & ASSOCIATES
   25 East Washington Street, Suite 900
6  Chicago, IL 60602
   Tel: (312) 372-8822
7  Fax: (312) 372-1673

8  **ATTORNEYS FOR PLAINTIFF**

9              **UNITED STATES DISTRICT COURT**
           **NORTHERN DISTRICT OF CALIFORNIA**
10                **SAN JOSE DIVISION**

11  NANCY CAMPOS, an individual, on            )   Case No. 05-02119 RMW
    behalf of herself and all others similarly )
12  situated,                                  )   **PLAINTIFF'S MEMORANDUM**
                                               )   **OF LAW IN SUPPORT OF HER**
13          Plaintiff,                         )   **MOTION TO DISMISS DEFENDANT'S**
                                               )   **"CONDITIONAL" COUNTERCLAIM**
14  v.                                         )
                                               )
15  WESTERN DENTAL SERVICES, INC.              )   The Honorable Ronald M Whyte
    and JENNIFER ROTH,                         )
16                                             )   **Date:        September 2, 2005**
            Defendants.                        )   **Time:        9:00 am**
17  _____   )   **Location:**   280 S. 1st St. San Jose, CA

18       Plaintiff Nancy Campos respectfully presents the following Memorandum of Law in

19  support of Plaintiff's Motion to Dismiss the Counterclaim contained in the Answer of Defendant

20  Western Dental Services, Inc., and Jennifer Roth filed on July 8, 2005.

21  **I.       FACTUAL BACKGROUND**

22       Plaintiff Nancy Campos brought her lawsuit against Defendants Western Dental Services,

23  Inc., a corporation, and Jennifer Roth, an individual, alleging violations of the Fair Debt

24  Collection Practices Act, 15 U.S.C. §§1692, *et seq.* (hereinafter "FDCPA") and California's

25  Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq*. (hereinafter, "State Act"),

26  which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Both

27

28                          Page 1 of  12

Defendants Answered Plaintiff's Class Action Complaint on July 8, 2005. Also contained within Defendants' Answer is Defendant Western Dental Services, Inc.'s "Conditional" Counterclaim Against the Putative Class. Hereinafter, "Defendant" will refer only to Defendant Western Dental Services, Inc., the sole Counterclaimant.

Defendant's counterclaim deals solely with an alleged contract claim between the Defendant and the Plaintiff and members of the putative class, which arose separate from the collection conduct challenged by Plaintiff in this case. Because the Counterclaim only deals with a contract claim under state law, does not raise out of the same transaction as the Plaintiff's claims, and no independent federal basis was asserted or exists for the filing of said Counterclaim in this Court, the Counterclaim is only permissive, Fed. R. Civ. P. 13(b), and must be dismissed.

## II.   ARGUMENT

### A.   DEFENDANT'S COUNTERCLAIM IS PERMISSIVE UNDER FED. R. CIV. P. 13 AND SHOULD BE DISMISSED.

The determination of whether the counterclaim should be dismissed requires an analysis of the requirements of Rule 13 of the Federal Rules of Civil Procedure. Rule 13(a) and (b) differentiate between compulsory counterclaims, which must be made a part of the case, and permissive counterclaims, which the court should dismiss if no independent federal jurisdiction exists: Rule 13 provides:

> (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction…"

> (b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the same transaction or occurrence that is the subject matter of the opposing party's claim.

As stated above, Defendant's Counterclaim arises from an alleged breach of contract by Plaintiff/Putative Class, not the collection practices of Defendant, which are the subject of this FDCPA and State Act litigation. Under Rule 13, Defendant's Counterclaim is not mandatory;

1    indeed, it is permissive because it did not arise out of th same transaction or occurrence, *i.e.*, the

2    abusive debt collection activity claimed by Plaintiff/Putative Class in this lawsuit.

3              **B.      DEFENDANT'S COUNTERCLAIM IS NOT COMPULSORY**

4              Defendant seeks to bring claims entirely not at issue in this matter under the rubric of its

5    Counterclaim.  The purported contracts between Plaintiff/Putative Class and Defendant did not

6    arise from Defendant's debt collection practices challenged by the present litigation.  Rather, the

7    contracts between Defendant and Plaintiff/Putative Class were created long before Defendant

8    began its collection attempts.  Thus, Defendant's counterclaim is not compulsory.

9              Various federal courts have addressed the situation of counterclaims for the underlying

10   debt being alleged against deceptive practices arising under the FDCPA.  As a district court

11   within the Ninth Circuit has stated, "Every published decision directly addressing the issue in

12   this case has found FDCPA lawsuits and lawsuits arising from the underlying contractual debt

13   are not compulsory counterclaims." *Hart v. Clayton-Parker and Associates, Inc.*, 869 F.Supp

14   774, 777 (D.Ariz. 1994) (citations omitted).  "The court thus finds that the FDCPA claim and the

15

16   claim on the underlying debt raise different legal and factual issues governed by different bodies

17   of law.  As such, the court concludes that defendant's state-law counterclaim is not logically

18   related to plaintiff's complaint and is therefore not a compulsory counterclaim." *Id.* at 777-78.

19

20   Also see: *Taylor v. Bryant, Inc.*, 275 F.Supp.2d 1305 (D.Nev. 2003) and *Baker v. G.C. Services*,

21   1979 U.S. Dist. LEXIS 15351, 4-5 (D. Or. 1979), aff'd on other grounds 677 F.2d 775 (9th Cir.

22   1982).  In *Leatherwood v. Universal Business Service Company*, 115 F.R.D. 48, 49 (W.D.N.Y.

23   1987), the district court concluded that the contract "claim against the plaintiff to collect the debt

24

25   does not possess the characteristics associated with a compulsory counterclaim."  "All reported

26

27

28                                      Page 3 of  12

decisions on the issue have found that a defendant's counterclaims for payment of an overdue

debt are distinct from, and not logically related to, a plaintiff's FDCPA claim based on improper

debt collection practices." *Berrios v. Sprint Corp.*, 1998 U.S. Dist. LEXIS 6579, *26 (E.D.N.Y.,

Mar. 16, 1998).  Similarly, federal courts have held that counterclaims for the collection of

underlying debts are not compulsory in litigation brought under the federal Truth in Lending

Act.  *Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1292 (7th Cir. 1980); *Whigham v.*

*Beneficial Finance Co.*, 599 F.2d 1322, 1324 (4th Cir. 1979).

        Thus, Defendant's Counterclaim is not a compulsory Counterclaim.

**C.**     **INDEPENDENT FEDERAL JURISDICTION IS REQUIRED
FOR PERMISSIVE STATE LAW COUNTERCLAIMS.**

        "A counterclaim that is not compulsory is 'permissive' under Fed.R.Civ.P. 13(b)." *Ayers*

*v. National Credit Management Corp.*, 1991 U.S. Dist. LEXIS 5629, *6 (D.Del., Apr. 25, 1991).

The supplemental jurisdiction statute, 28 U.S.C. §1367(a), subject to exceptions not applicable

here, now provides that "in any civil action of which the district courts have original jurisdiction,

the district courts have supplemental jurisdiction over all other claims that are so related to the

claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution."  Federal courts have

supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require

their own jurisdictional basis.  *Taylor*, supra at 1306; *Hart v. Clayton -Parker and Assoc., Inc.*,

supra at 776.

        Because permissive counterclaims by definition do not arise from the same

transaction or occurrence as the main claim, in most cases, a court will not have supplemental

jurisdiction over the counterclaim. *Carbrera v. Courtesy Auto*, 192 F.2d 1012 (D.Neb. 2002), *citing* 3 James Wm. Moore, *Moore's Federal Practice* § 13.110[2] (3rd ed.2001).  Federal Courts have consistently held that a Rule 13(b) counterclaim must be supported by independent grounds of federal jurisdiction.  *Cabrera*, supra at 1019, *citing Blue Dane Simmental v. American Simmental Assoc.*, 952 F.Supp. 1399,1403 (D.Neb. 1977) (other cites omitted).

In a variety of contexts decided after enactment of Section 1367, courts have continued to embrace the prior compulsory/permissive counterclaim jurisdictional analysis.  *See Shamblin v. City of Colchester*, 793 F.Supp. 831, 833-834 (C.D.Ill. 1992); *Mille Lacs Bank of Indians v. State of Minnesota*, 853 F.Supp. 1118, 1146 (D.Minn. 1994); *International Association of Heat & Frost v. Thermo-Guard*, 880 F.Supp. 42, 45 (D.Mass. 1995).  Accordingly, enactment of the supplemental jurisdiction statute does not dictate an analysis different from that under Fed. R. Civ. P. 13.

The debt collector "cannot maintain its Counterclaim under Rule 13(b) either, because as a permissive Counterclaim it must be supported by independent grounds for federal jurisdiction." *Kuhn v. Account Control Technology, Inc.*, 865 F.Supp 1443, 1446 (D.Nev. 1994) (citation omitted).  Defendant's counterclaim does not have, nor does it allege, any independent grounds for which federal jurisdiction exists over its state law contract claim. Therefore, Defendant's Counterclaim for the allegedly owed debts should be dismissed.

**D.    THE WEIGHT OF AUTHORITY STATES THAT A COUNTERCLAIM TO AN FDCPA CLAIM IS PERMISSIVE AND SHOULD BE DISMISSED.**

Over ten years ago in *Hart v. Clayton -Parker and Assoc., Inc.*, supra, a case with the issue nearly identical to the present case, the court noted that "every published decision directly

addressing the issue in this case had found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are not compulsory counterclaims." *Hart v. Clayton -Parker and Assoc., Inc.*, supra at 777.  The Eighth Circuit held in *Peterson v. United Accounts, Inc.*, 638 F.2d 1134 (8th Cir. 1981), that the FDCPA claim at issue in federal court was a permissive, not compulsory, counterclaim in the state court proceedings to collect the debt.

The *Peterson* court addressed the issue in the context of an FDCPA claim brought in federal district court after the debtors had been sued in state court to collect a debt.  The district court dismissed the FDCPA action on the assumption that it was a compulsory counterclaim in the state court case. *Id.* at 1035.  The Eighth Circuit reversed, holding that the FDCPA claim is not a compulsory counterclaim in a state court action to collect the debt.  *Id.* The Eighth Circuit relied upon the Fourth Circuit decision in *Whigham v. Beneficial Fin. Co. of Fayetteville*, 599 F.2d 1322, 1323-34 (4th Cir. 1979) and the Seventh Circuit's decision in *Valencia v. Anderson Bros. Ford*, 617 F.2d 1278 (7th Cir. 1980), *rev'd on other grounds*, 452 U.S. 205 (1981), to conclude that the federal FDCPA claims and the debt claims are not logically related since the federal FDCPA claims do not involve the obligations created by the underlying contract.  The Eighth Circuit observed

> The purpose of the Fair Debt Collection Practices Act includes the elimination of abusive debt collection practices by debt collectors, insuring that those debt collectors who refrain from using abusive practice are not competitively disadvantaged, and the promotion of consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

*Peterson v. United Accounts, Inc.,* supra at 1137 n9.  In ruling that a FDCPA claim and a debt counterclaim lack any shared realm of genuine dispute and that an FDCPA counterclaim is not

compulsory, the Eighth Circuit stated:

> In the instant case, the circumstances giving rise to the original debt are separate and distinct from the collection activities undertaken by United Accounts, Inc. While the debt claim and the FDCPA counterclaim raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another. Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts.

*Peterson v. United Accounts, Inc.,* supra at 1137.

Other jurisdictions have consistently adopted the same reasoning. In an FDCPA class action, *Orloff v. Healthcare Business Services*, 2003 U.S. Dist. LEXIS 15466 (E.D.Pa. Aug. 20, 2003), the district court held that it is clear that the issues of fact and law raised by the plaintiffs' claim under the FDCPA are completely different than those raised by the defendants' claim for a state law debt action. The evidence to prove the FDCPA claim has no relation to the evidence needed to prove the state debt claim. *Id.* at *7. The defendants' right to pursue their state claim is not dependent on the outcome of the federal litigation. *Id.* Evidence of the plaintiffs' alleged failure to pay has no relevance on the issue of whether the defendants' actions in collecting the debt violated federal law. *Id.* *See* *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982).

In *Taylor v. Bryant, Inc.*, supra at 1306-7, the court dismissed the defendant's breach of contract counterclaim to an FDCPA claim for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Reasoning that the such a counterclaim is only permissive the district court found that the plaintiff's FDCPA claim relates to the alleged use of abusive debt collection practices while the defendant's counterclaim encompasses a private duty under state law requiring broad proof of facts to establish the existence and performance of a contract, a breach of the contract by the

debtors, and monetary damages resulting therein. *Id.* at 1307.

Dismissing the debt collector's counterclaim, the U.S. District Court for the Eastern

District of Pennsylvania stated:

> Although the claims of Plaintiff and Defendants are both based upon Plaintiff's
> receipt of medical services, it is clear that the issues of fact and law raised by
> Plaintiff's claims under the FDCPA, FCEUA and CPL are completely different
> than those raised by Defendants' claim for breach of contract.  Plaintiff's claims
> involve issues of statutory compliance.  Defendants' counterclaim is simply a
> state law debt collection claim.  The evidence needed to prove violations of the
> FDCPA, FCEUA and CPL has no relevance whatsoever to the alleged breach of
> contract claim.  Moreover, the evidence needed to prove breach of contract does
> nothing to establish violations of the FDCPA, FCEUA and CPL.  In addition, the
> Defendants' counterclaim would not be subject to the defenses of res judicata in a
> subsequent action.  Even if Defendants violated the FDCPA, FCEUA and CPL,
> they may pursue a breach of contract claim against the Plaintiff in state court to
> collect this debt.  The Defendants' right to pursue their state claim is independent
> of the outcome of this litigation.  Evidence of plaintiff's failure to pay Defendants
> money owed to them has no relevance on the issue of whether the Defendants'
> actions in collecting the debt violated federal law.

*Orloff v. Syndicated Office Systems, Inc.*, 2003 U.S. Dist. LEXIS 15466, *7-8 (E.D.Pa. Aug. 20,

2003).  Allowing a defendant in a FDCPA case to assert unrelated counterclaims would frustrate

the purposes of the Act by giving plaintiffs a disincentive to pursue their rights with a resulting

chilling effect on persons who otherwise might and should bring suits under the FDCPA.See

also, *Baker v. G.C. Services*, 1979 U.S. Dist. LEXIS 15351, 4-5 (D. Or. 1979), aff'd on other

grounds 677 F.2d 775 (9th Cir. 1982)(Not only does traditional analysis compel the conclusion

that these counterclaims are permissive, but to hold otherwise would frustrate the objectives of

the Fair Debt Collection Practices Act).

In the case *Evans v. American Credit Systems, Inc.*, 2003 U.S. Dist. LEXIS 22433

(D.Neb. December 10, 2003) the District Court likewise concluded that it did not possess

jurisdiction over independent state law claims which were permissive counterclaims to a FDCPA action.  As the Court stated, "[t]his court finds that _Peterson_ is still relevant and controlling... Unlike a compulsory counterclaim, a permissive counterclaim requires an independent basis of federal jurisdiction to retain jurisdiction over the matter."  _Id_ at *4.  The Court then went further to find that the Defendant's state law claims did not confer jurisdiction to the court and dismissed Defendant's state law counterclaims.  _Id._ at *4-5.

    Applying the tests of _Peterson_ and the other precedents cited above to Defendant's instant Counterclaim, it is clear that Defendant's Counterclaim is permissive and should be dismissed.  The allegations against Plaintiff and the putative class members with respect to the alleged debt may technically arise out of the same transaction, but the similarity stops there.  The counterclaim is otherwise unrelated to Plaintiff's FDCPA and State Act claim, which allege that Defendant engaged in unlawful collection tactics.  Plaintiff's claims and Defendant's Counterclaim will present entirely different legal, factual, and evidentiary questions. _Peterson v. United Accounts, Inc._, supra at 1137.  Different witnesses and discovery will be needed to prove each party's claims.  The facts relevant to Plaintiff's FDCPA and State Act claims will have no bearing on allegations regarding the alleged debt; thus, different evidence will be needed to support each claim.  _Id._  For example, in the present case, the FDCPA is a strict liability statute,[1] while the counterclaim will require proof of an existence of a contract, the breach of a contract, and monetary damages resulting therefrom.

    Furthermore, Plaintiff's claims that the collection agency violated the FDCPA and State

---

[1]     See: _Picht v. Jon R. Hawks, Ltd._, 236 F.3d 446, 451 (8th Cir. 2001).

Act are not sufficiently related to the underlying debt to allow the Counterclaim. Plaintiff's

FDCPA and State Act claims do not dispute the validity of the debt.  Instead, this litigation

alleges that Defendant's debt collection tactics violated of the FDCPA and State Act.  As a

result, Defendant's Counterclaim does not arise from the same transaction as Plaintiff's claims.

    As such, Defendant's Counterclaim should be deemed permissive and dismissed for want

of federal jurisdiction.

## E.      CASES CITED BY DEFENDANT ARE INAPPLICABLE.

    In its Counterclaim, Defendant cites two cases in support of its assertion that the issue of

this Court's jurisdiction over the Counterclaim must wait until after a ruling on class

certification.  However, these cases are inapplicable to the instant case.

    In _Jones v. Ford Motor Credit Co._, 358 F.3d 205 (2d Cir. 2004), the Second Circuit

determined that, if the Court must consider either of the exceptions contained in 28 U.S.C. §

1367(c)(2) or (4), then the Court must wait until after deciding class certification to make its

jurisdictional ruling. _Jones_, supra at 215.  In the instant case, Plaintiff does not assert that this

Court should deny jurisdiction based on Subsection 1367(c).

    In _Channell v. Citicorp National Services, Inc._, 89 F.3d 379 (7th Cir. 1996), the

defendant filed a counterclaim _after_ the plaintiff's class was certified. _Channell_, supra at 384.

Plaintiff modestly reminds the Court that class certification in the instant case has not been

decided.  The Seventh Circuit, in finding that the lower court had jurisdiction over the

permissive counterclaim, later states,

> Each class member's claim against [the defendant] depends on the lease, and
> indeed on the same clause of the lease that creates [the defendant]'s claim for a

termination charge. *** But the parties, the lease, the clause, and even the termination are constants ... Signing and termination alike therefore were integral to this case even before [the defendant] launched its counterclaim.

*Id.* at 385-6.  In the instant case, the claims of Plaintiff and the putative class do not depend on the contract forming the basis of Defendant's Counterclaim. The contract and any clauses within it are not constants in this case.  Nor is signing the contract an integral, or even related, part of Plaintiff's case.  Nothing in or about the contract relates to the claims of Plaintiff and the putative class.  Indeed, the claims of Plaintiff and the putative class involve only the policies and practices of Defendant in attempting to collect debts.

Also of significance, immediately before citing *Jones* and *Channell*, Defendant incorrectly frames the jurisdiction of its Counterclaim as only possibly being defeated by Subsection 1367(c), under which a decision on Plaintiff's instant Motion may wait until after class certification.  However, Plaintiff has not asserted that this Court should deny jurisdiction based on 28 U.S.C. § 1367(c).  Indeed, Plaintiff states, supra, that Subsection 1367(a) is subject to exceptions, § 1367(c), not applicable here.  Defendant, in its Counterclaim, deceptively does not cite Subsection 1367(a) as a bar to jurisdiction.

III.    **CONCLUSION**

Defendant's Counterclaim for the recovery of alleged debts is not a compulsory counterclaim.  The Counterclaim is permissive, and no independent federal jurisdictional basis exists to hear Defendant's exclusively state law Counterclaim.  Accordingly, Plaintiff's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) should be granted.

Page 11 of  12

1

2

3  Dated: 7/27/05                          /s/Ronald Wilcox
                                           Ronald Wilcox
4                                          2160 The Alameda, Suite F, 1st Floor
                                           San Jose, CA 95126
5                                          Tel:  (408) 296-0400
6                                          Fax: (408) 296-0486

7                                          O. Randolph Bragg
8                                          Craig M. Shapiro
                                           HORWITZ, HORWITZ & ASSOCIATES
9                                          25 East Washington Street, Suite 900
                                           Chicago, IL 60602
10                                         Tel:  (312) 372-8822
11                                         Fax: (312) 372-1673

12                                         ATTORNEYS FOR PLAINTIFF

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28