Ronald Wilcox, Esq., 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

O. Randolph Bragg, IL Bar No. 6221983
Craig M. Shapiro, IL Bar No. 6284475
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
Tel: (312) 372-8822
Fax: (312) 372-1673

**ATTORNEYS FOR PLAINTIFF**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| NANCY CAMPOS, an individual, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WESTERN DENTAL SERVICES, INC. and JENNIFER ROTH, <br><br> Defendants. | Case No. 05-02119 RMW <br><br> **PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** <br><br> HON. RONALD M. WHYTE <br> Date: September 2, 2005 <br> Time: 9:00 a.m. <br><br> U.S. DISTRICT COURT <br> 280 South 1st St., San Jose, CA |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**I.     NATURE OF THE CASE**

Plaintiff Nancy Campos brings this case as a class action against Defendants Western Dental Services, Inc. and Jennifer Roth (hereinafter "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.*, (hereinafter "FDCPA"), and California Fair Debt Collection Practices Act Cal. Stat. § 1788 *et seq.* (hereinafter "CA

FDCPA"), which prohibit debt collectors from using false or misleading communications in an attempt to collect a debt.[1]

The Plaintiff requests that the Court certify a class in this action defined as: (i) all persons who were sent at an address in the State of California (ii) a letter in the form of <u>Exhibit B</u> (iii) by Defendants in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which was not returned undelivered by the U.S. Post Office and (v) sent during the one year period prior to the filing of the complaint in this action.

This Memorandum is submitted in support of Plaintiff's Motion for Class Certification.

## II.  PLAINTIFF'S CLAIMS

In her Class Action Complaint, Nancy Campos alleges that Defendants' policy and practice is or was to violate the FDCPA by: (i) using a name other than its own in collecting or attempting to collect a debt in violation of 15 U.S.C. §§ 1692e and e(10); (ii) falsely representing that some independent outside attorney was handling the account in violation of 15 U.S.C. §§ 1692e and e(10); (iii) designing, compiling or furnishing deceptive forms used to create a belief that a third person is involved in collecting a debt in violation of 15 U.S.C. § 1692j; (iv) failing to provide consumers required notices in violation of 15 U.S.C. §§ 1692g and e(11); and (v) falsely threatening immediate action not intended within the time frame threatened in violation of 15 U.S.C. §§ 1692e, e(5), and e(10). Ms. Campos also alleges that Defendants violated the California Fair Debt Collection Practices Act, Civil Code 1788 et seq. (CA FDCPA) by (i) failing to provide notices required by Civil Code 1812.700; (ii) failing to comply with 15 U.S.C. § 1692b - j; and (iii) falsely representing that the account was about to be referred to a collection agency.

## III.  STANDARD FOR CLASS CERTIFICATION

---

[1] Plaintiff seeks certification under both 15 U.S.C. 1692k and Civil Code 1788.17. See *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 544 (N.D.Cal. 2005)(certifying a class under the CA FDCPA).

In order for a class to be certified all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b).  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).  "When evaluating a motion for class certification, the court accepts the allegations made in support of certification as true, and does not examine the merits of the case." *Blackie v. Barrack*, 524 F.2d 891, 901 n16 (9th Cir. 1975).

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases.  See: *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 544 (N.D.Cal. 2005); *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662 (E.D.Wash. 2002); *Irwin v. Mascott*, 186 F.R.D. 567 (N.D.Cal. 1999); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D.Cal. 1999); *Duran v. Bureau of Yuma, Inc.*, 93 F.R.D. 607 (D.Ariz. 1982).

## IV. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION.

### 1. RULE 23(a)(1) – NUMEROSITY

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." *Gay v. Waiters and Dairy Lunchmen's Union*, 549 F.2d. 1330 (9th Cir. 1977).  However, "impracticability does not mean impossibility." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964); *see also Rabidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993).  "When the class is large, numbers alone are dispositive . . . ." *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D.Ill. 1986).

Here, the class is so numerous that joinder of all members is impractical. The class definition includes those persons who received letters of the same form (Exhibit A, attached to the Complaint) from Defendants. On information and belief, the number of form letters sent by Defendants to members of the class is in the hundreds or thousands.  The exact number will be revealed in Defendants' Answers to Plaintiff's Discovery Requests.  "Class

actions are generally appropriate where standardized documents are at issue." *Abels*, supra at 543.

Thus, Ms. Campos has satisfied the numerosity requirement of Rule 23(a)(1).

### 2. RULE 23(a)(2) -- COMMONALITY

Rule 23(a)(2) requires that there be a common question of law or fact. A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2). *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1019 (9th Cir. 1998). Where the defendant has engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents the commonality requirement is met. "Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents". *Keele v. Wexler*, 149 F. 3d 589, 594 (7th Cir. 1998) (citations omitted); *Abels*, supra at 544.

Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members. *Hanlon v. Chrysler Corp.*, supra at 1019; *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 56-57 (3d Cir. 1994). "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Armstrong v. Davis*, 275 F. 3d 849, 868 (9th Cir. 2001).

There are common questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. All class members received Exhibit B (attached to the Complaint). As explained in Section II herein, the principal issues are whether Defendants' collection letters violated the FDCPA by:

(i) using a name other than its own in collecting or attempting to collect a debt in violation of 15 U.S.C. §§ 1692e and e(10);

(ii) falsely representing that some independent outside attorney was handling the account in violation of 15 U.S.C. §§ 1692e and e(10);

(iii) designing, compiling or furnishing deceptive forms used to create a belief that a third person is involved in collecting a debt in violation of 15 U.S.C. § 1692j;

(iv) failing to provide consumers required notices in violation of 15 U.S.C. §§ 1692g and e(11); and

(v) falsely threatening immediate action not intended within the time frame threatened in violation of 15 U.S.C. § 1692e, e(5) and e(10);

and whether Defendants' collection letters violated the CA FDCPA by

(i) failing to provide notices required by Civil Code 1812.700;

(ii) failing to comply with 15 U.S.C. § 1692b - j; and

(iii) falsely representing that the account was about to be referred to a collection agency.

"To establish commonality, it is sufficient that plaintiff allege that all class members received the same collection letter." *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999). "The plaintiff's and the class' claims arise from the defendant having sent the same debt collection letters resulting in the same alleged violations of the act. . . Therefore, the proposed class members share common questions of law and fact . . " *Silva v. National Telewire Corp.*, supra at *7-8. FDCPA claims based on standard language in documents or standard practices are well suited for class certification. *Keele v. Wexler*, supra.

It is also important to note that there is no question in this case concerning the validity of the underlying debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (FDCPA action was not contingent on the validity of the underlying debt); *McCarthy v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) (same).

Thus, Ms. Campos has satisfied the commonality requirement of Rule 23(a)(2).

### 3. RULE 23(a)(3) -- TYPICALITY

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class. *Hanlon v. Chrysler Corp.*, 150 F.3d. 1011 (9th Cir. 1998).

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

1  *Armstrong v. Davis*, supra at 869; *See also*, *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir.
2  1985); *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598-600 (2d Cir. 1986); *Kornburg*, 741
3  F.2d at 1337.  *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Keele v. Wexler*, supra
4  at 595.

5        In *Abels*, supra, the Northern District of California stated, "Each of the class
6  members was sent the same collection letter as [plaintiff] and each was allegedly subjected to the
7  same violations of the FDCPA. Therefore, this Court concludes that claims of the class
8  representative arc [sic] typical of the claims of the class." *Abels*, supra at 545.

9        In the instant case, each of the class members were sent letters in the form of
10 Exhibit B (attached to the Complaint), which Plaintiff claims violate the FDCPA.  Here,
11 typicality is inherent in the class definition, *i.e.*, each of the class members were subject to the
12 same demands and violations of the FDCPA as Ms. Campos.

13       Thus, the typicality requirement of Rule 23(a)(3) is satisfied.

14     **4.**    **RULE 23(a)(4) -- ADEQUACY OF REPRESENTATION**

15       The rule also requires that the named plaintiffs provide fair and adequate
16 protection for the interests of the class. *Epstein v. MCA, Inc.*, 179 F.3d. 641 (9th Cir. 1999).
17 That protection involves two factors:  (1) whether plaintiff's counsel are qualified, experienced,
18 and generally able to conduct the proposed litigation, and (2) whether the plaintiffs have interests
19 antagonistic to those of the class. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F. 2d 507, 512
20 (9th Cir 1978);   *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).

21       Nancy Campos understands her responsibilities as class representative.  See
22 Declaration of Nancy Campos in Support of Plaintiff's Motion for Class Certification, filed
23 separately.  She is represented by experienced counsel whose qualifications are set forth in
24 Declaration of Ronald Wilcox and Declaration of  O. Randolph Bragg, filed separately.  The
25 Northern District of California has stated, "it seems clear that the lead counsel for this lawsuit,
26 O. Randolph Bragg, has been qualified and found competent to represent similar class actions."
27 *Abels*, supra at 545.

28 C:\Attorneyfiles\Client\Campos, Nancy\Motion for Class Certification\Campos class memo 7 28 05.wpd

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Ms. Campos and the class members seek actual and statutory damages as well as equitable relief as the result of defendants' unlawful collection notices. Given the identical nature of the claims between Ms. Campos and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiff and those of the class.

Thus, Ms. Campos has satisfied the representativeness requirement of Rule 23(a)(4).

### 5. COMMON QUESTIONS OF LAW OR FACT PREDOMINATE

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *Hanlon v. Chrysler Corp.*, supra at 1019. This criterion is normally satisfied when there is an essential, common factual link between all class members and the defendant for which the law provides a remedy. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996); see also: *Silva v. National Telewire Corp.*, supra at *11 ("The standardized nature of the defendant's conduct satisfied the requirement for common questions of law or fact."). In this case, the "common nucleus of operative fact," is that all class members, by definition, were subjected to defendants' policy of sending a collection letter, Exhibit B (attached to the Complaint), which is alleged to violate the FDCPA. The legal issues arising from Defendants' letters are the same for each class member.

Cases dealing with the legality of standardized documents and practices are generally appropriate for resolution by class action because the document is the focal point of the analysis. See *Abels*, supra at 543; *Clark v. Bonded Adjustment Co.*, supra; *Littledove v. JBC & Assocs.*, supra; *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D.Cal. 1999); *Irwin v. Mascott*, 186 F.R.D. 567 (N.D.Cal. 1999).

Because of the standardized nature of Defendants' conduct, common questions predominate. "Predominance is a test readily met in certain cases alleging consumer . . . fraud. . . ." *Amchem Prods. v. Windsor*, supra at 624.

In *Abels*, supra, the court stated in support of certifying the class,

> The common fact in this case is that the putative class members were subjected to Defendants' policy of sending collection letters, which are alleged to violate the FDCPA. Thus, the legal issues arising from Defendants' letters are the same for each class member. Here, the issues common to the class-namely, whether the Defendants' systematic policy of sending collection letters, and whether those letters violate FDCPA-are predominant. Plaintiff's Complaint centers around these issues.

*Abels*, supra at 547.

The instant case is the same as *Abels*. The only individual issue is the identification of the consumers who were subjected to Defendants' practice and policy of sending Exhibits A and/or B. This is a matter capable of ministerial determination from the Defendants' records. This is not the kind of problem that is a barrier to class certification.

In this case, it is clear that both the class's factual issues and the issues of law predominate over any individual questions.

### 6. A CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY.

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Gete v. I.N.S.*, 121 F.3d 1285 (9th Cir. 1997). The Court is required to determine the best available method for resolving the controversy and must "consider the interests of the individual members in controlling their own litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action." *Ballard v. Equifax Check Services, Inc.*, supra at 600. It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to defendants' practice. *Clark v. Bonded Adjustment Co.*, supra at 666.  Class actions are a more efficient and consistent means of trying the legality of a collection letter.  *Irwin v. Mascott*, 186 F.R.D. 567 (N.D.Cal. 1999); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D.Cal. 1999); *Brink v. First Credit Resources*, 185 F.R.D. 567 (D.Ariz. 1999).

The efficacy of consumer class actions is recognized particularly where the individual's claim is small.

> In this instance, the alternative methods of resolution are individual claims for a small amount of consequential damages or latch replacement...Thus, many claims could not be successfully asserted individually.  Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs.  In most cases, litigation costs would dwarf potential recovery.  In this sense, the proposed class action is paradigmatic.  A fair examination of alternatives can only result in the apodictic conclusion that a class action is the clearly preferred procedure in this case.

*Hanlon v. Chrysler Corp.*, supra at 1023.  Moreover, "the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually." *Ballard v. Equifax Check Services, Inc.*, supra at 600 (citations omitted).

Class certification of an FDCPA damage action will provide an efficient and appropriate resolution of the controversy.  *See Irwin v. Mascott*, supra; *Ballard v. Equifax Check Services, Inc.*, supra.

Thus, certification of this action is the superior method to resolve the controversy presented here.

**7.   CLASS CERTIFICATION PURSUANT TO 23(b)(2) IS APPROPRIATE.**

An action may be maintained as a class action under Rule 23(b)(2) if:

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. . .

Various FDCPA actions have been certified pursuant to Rule 23(b)(2). *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665 (M.D. Fla. 1999); *Borcherding-Dittloff v. Transworld Systems, Inc.*, 185 F.R.D. 558, 565-66 (W.D. Wis., 1999); *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313, 319-322. (N.D.Ill. 1995).

In *Gammon v. GC Services Ltd. Partnership*, supra, 162 F.R.D. at 319-322, the court certified a class in an FDCPA action for declaratory relief. Entry of a declaratory judgment is favored: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id*. at 320, quoting E. Borchard, *DECLARATORY JUDGMENTS* 299 (2d ed. 1941).

The archetypal case for Rule 23(b)(2) certification is one where policies applicable to a large number of persons are challenged as unlawful. This is true even in actions where the plaintiff's claim for declaratory and injunctive relief is accompanied by damages or retroactive relief claims. In *Probe v. State Teachers' Retirement System*, 780 F.2d 776, 780 (9th Cir. 1986), the Ninth Circuit held that certification of a suit in which male plaintiffs sought injunctive and declaratory relief concerning a retirement plan's use of sex-based mortality tables in calculating the benefits due under the plan is clearly appropriate under Rule 23(b)(2), even though the plaintiffs also sought individual damages and retroactive monetary relief. *See also Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 458 (N.D.Cal. 1994), where plaintiffs alleged that United Artists theaters failed to make their theaters accessible to handicapped individuals, in violation of federal and state civil rights laws. The district court certified a class action under Rule 23(b)(2), even though plaintiffs sought individual damages for class members under federal and state law.

The declaratory relief sought in this action would declare Defendants' use of Exhibit B to be illegal in violation of the FDCPA. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or

1 corresponding declaratory relief with respect to the class as a whole.  Thus, declaratory and

2 injunctive relief are appropriate for the class as a whole.

**8. CLASS CERTIFICATION AS A HYBRID CLASS UNDER  RULES 23(b)(2) AND 23(b)(3) IS APPROPRIATE.**

Plaintiff requests class certification under both Rule 23(b)(2) and Rule 23(b)(3). Hybrid class actions such as this have been certified where the best interests of the class members are served. <u>Bracamonte v. Eskanos & Adler, et al.</u>, 2004 U.S. Dist. LEXIS 8520, *15 (N.D.Cal., May 7, 2004) ("the [23(b)(2) and 23(b)(3)] class action will protect the rights of individual class members who are unable or unwilling to protect themselves."); <u>Simon v. World Omni Leasing</u>, 146 F.R.D. 197, 202-203 (S.D.Ala. 1992) (declaratory judgment, injunctive relief,  as well as actual and statutory damages are sought for the class members.)  Thus, the combination of Rule 23(b)(2) for declaratory relief and Rule 23(b)(3) for monetary damages is appropriate.

In this action equitable relief as well as statutory damages are sought for the class members.  Thus, the combination of Rule 23(b)(2) for equitable relief and Rule 23(b)(3) for monetary damages is appropriate.  In <u>Bracamonte v. Eskanos & Adler, et al.</u>, <u>supra</u> at *15, the Court found that the standardized document was the focal point of the analysis; therefore, common questions predominate, and a class action would most efficiently and consistently resolve the claim concerning a standardized collection letter.  <u>See also</u>: <u>Littledove v. JBC & Assocs.</u>, <u>supra</u> at *13-*17; <u>Ballard v. Equifax Check Services, Inc.</u>, <u>supra</u> at 596 and 600.  This action may be maintained as a hybrid class action combining the elements of Rule 23(b)(2) and (3). <u>Irwin v. Mascott</u>, 96 F.Supp.2d 968 (N.D.Cal. 1999).

**V. CONCLUSION**

The proposed class meets the requirements of Rules 23(a) as well as Rule 23(b)(3) and (b)(2).  Plaintiff Nancy Campos respectfully requests that the Court certify this action as a class action.

Respectfully submitted,

C:\Attorneyfiles\Client\Campos, Nancy\Motion for Class Certificate Campos\Class memo 7 28 05.wpd

Dated: 7/28/05

/s/Ronald Wilcox
Ronald Wilcox
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
(408) 296-0400
(408) 296-0486 (Fax)

O. Randolph Bragg
Craig M. Shapiro
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673 (Fax)

ATTORNEYS FOR PLAINTIFF