1   WILLIAM L. STERN (CA SBN 96105)
    wstern@mofo.com
2   RITA F. LIN (CA SBN 236220)
    rlin@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone: 415.268.7000
5   Facsimile: 415.268.7522

6   DAN MARMALEFSKY (CA SBN 95477)
    dmarmalefsky@mofo.com
7   MORRISON & FOERSTER LLP
    555 West Fifth Street, Suite 3500
8   Los Angeles, California 90013-1024
    Phone: (213) 892-5200
9   Fax: (213) 892-5454
    Attorneys for Defendants
10  WESTERN DENTAL SERVICES, INC. and JENNIFER ROTH
    and Counter-Claimant WESTERN DENTAL SERVICES, INC.

11

12                  UNITED STATES DISTRICT COURT

13      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14

15  NANCY CAMPOS, an individual, on behalf of      Case No.    05-02119 RMW
    herself and all others similarly situated,
16                                                  **DEFENDANT WESTERN DENTAL**
                        Plaintiff,                  **SERVICES, INC.'S OPPOSITION**
17                                                  **TO PLAINTIFF'S MOTION TO**
            v.                                      **DISMISS DEFENDANT'S**
18                                                  **CONDITIONAL COUNTERCLAIM**
    WESTERN DENTAL SERVICES, INC. and
    JENNIFER ROTH,                                  Date:  September 2, 2005
19                                                  Time:  9:00 a.m.
                        Defendants.                 Judge: Hon. Ronald M. Whyte
20  ───────────────────────────────────

21  WESTERN DENTAL SERVICES, INC., a
    California Corporation,
22
                        Counter-Claimant,
23
            v.
24
    NANCY CAMPOS, an individual, on behalf of
    all others similarly situated,
25  Counter-Defendant.

26

27

28

    OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM
    Case No.    05-02119 RMW
    sf-1978933

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES................................................................................................ii

STATEMENT OF ISSUE.................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................ 1

SUMMARY OF ARGUMENT.......................................................................................... 2

ARGUMENT ................................................................................................................... 2

I.    THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER
      WESTERN DENTAL'S COUNTERCLAIM UNDER 28 U.S.C.
      § 1367(A) ........................................................................................................... 2

      A.    Jurisdiction Exists So Long As the Counterclaim
            Bears a "Loose Factual Connection" to the FDCPA
            Claim .................................................................................................. 2

      B.    Even Under the Outdated Test Urged by Plaintiffs,
            Supplemental Jurisdiction Would Exist ........................................ 6

II.   THIS COURT SHOULD NOT EXERCISE ITS DISCRETION
      TO DECLINE JURISDICTION UNDER SECTION 1367(C).............................. 8

CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Central Point School Dist.*,
   554 F. Supp. 600 (D. Or. 1982)............................................................................4

*Baker v. G.C. Servs. Corp.*,
   Civ. No. 79-467, 1979 U.S. Dist. LEXIS 15351 (D. Or. Dec. 1979).........................7

*Ballard v. Equifax Check Servs., Inc.*,
   186 F.R.D. 589 (E.D. Cal. 1999)........................................................................7, 9

*Berrios v. Sprint Corp.*,
   No. CV-97-0081, 1998 U.S. Dist. LEXIS 6579 (E.D.N.Y. Mar. 16, 1998) ..............6

*Carmichael v. Payment Ctr., Inc.*,
   No. 01 C 9392, 2002 U.S. Dist. LEXIS 1419 (N.D. Ill. Jan. 29, 2002) ...................5

*CE Distrib., LLC v. New Sensor Corp.*,
   380 F.3d 1107 (9th Cir. 2004).........................................................................3, 4

*Channell v. Citicorp Nat'l Svcs., Inc.*,
   89 F.3d 379 (7th Cir. 1996).............................................................3, 4, 5, 6, 9, 10

*Competitive Techs. v. Fujitsu Ltd.*,
   286 F. Supp. 2d 1118 (N.D. Cal. 2003)................................................................8

*Crawford v. Equifax Payment Servs.*,
   No. 97 C 4240, 1998 U.S. Dist. LEXIS 15719 (N.D. Ill. Sep. 30, 1998) ..............5, 9

*De Coito v. Unifund Corp.*,
   No. 01-00379 DAE BMK, 2004 U.S. Dist. LEXIS 23729 (D. Haw. Jan. 4, 2004)....4

*Granberry v. Islay Inv.*,
   9 Cal. 4th 738, 38 Cal. Rptr. 2d 650 (1995) ......................................................9, 10

*Jones v. Ford Motor Credit Co.*,
   358 F.3d 205 (2d Cir. 2004) ...........................................................................3, 5, 6

*Krutchkoff v. Fleet Bank*,
   960 F. Supp. 541 (D. Conn. 1996) .......................................................................7

*Polaris Pool Systems v. Letro Prods., Inc.*,
   161 F.R.D. 422 (C.D. Cal. 1995) .........................................................................4

*Rodriguez v. Ford Motor Credit Co.*,
   No. 01 C 8526, 2002 U.S. Dist. LEXIS 7280 (N.D. Ill. Apr. 19, 2002) ...................5

*Sea-Land Serv., Inc. v. Atlantic Pac. Int'l*,
   61 F. Supp. 2d 1092 (D. Haw. 1999) .................................................................................... 4

*Sluys v. Hand*,
   831 F. Supp. 321 (S.D.N.Y. 1993) ..................................................................................... 10

**STATUTES AND RULES**

15 U.S.C.
   §§ 1692 *et seq* ...................................................................................................................... 1
   § 1692(e) ............................................................................................................................... 9
   § 1692a(6) ............................................................................................................................. 7

28 U.S.C.
   § 1367 ........................................................................................................................... 1, 3, 4
   § 1367(a) .......................................................................................................................... 1, 2
   § 1367(c) ............................................................................................................................... 8
   § 1367(c) (1)-(4) ................................................................................................................... 8

Cal. Civ. Code
   §§ 1788 *et seq* ...................................................................................................................... 1
   § 1788.30(d) .......................................................................................................................... 1

Fed. R. Civ. P.
   13(a) ...................................................................................................................................... 6

**OTHER AUTHORITIES**

16 James Wm. Moore et al., Moore's Federal Practice § 106.25[1] ................................................ 3

Wright, Miller & Kane, Federal Practice & Procedure, Civ. 2d § 1409 ......................................... 8

1

**STATEMENT OF ISSUE**

2      This motion raises one straightforward issue: Does this Court have supplemental

3   jurisdiction over defendant Western Dental Services, Inc.'s conditional counterclaim under

4   28 U.S.C. § 1367, such that plaintiff's motion to dismiss should be denied?  The answer is yes.[1]

5

**FACTUAL BACKGROUND**

6      Western Dental Services, Inc. ("Western Dental") is a dental services provider that serves

7   underprivileged communities by offering quality, affordable dental and orthodontic care.  Patients

8   may pay for their services on an installment basis, with no interest charge so long as payments are

9   made on a timely basis.  Here, Western Dental seeks to collect legitimately money owed to it for

10  orthodontics services rendered to plaintiff Nancy Campos's daughter but for which plaintiff failed

11  to pay.  Campos still owes $1725 for those services.  (Compl. ¶¶ 9-10.)  Western Dental sent

12  Campos a series of seven collection letters seeking to collect that debt, which she ignored.

13     Instead, Campos sued Western Dental and one of its employees, Jennifer Roth, claiming

14  that the form of the *seventh* collection letter violates in some technical ways various requirements

15  of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and California's

16  Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.*[2]  (Compl. ¶¶ 21-26.)

17  She seeks damages on her own behalf, as well as on behalf of a class that she defines in her

18  Complaint as recipients of such letters who reside in San Jose.  (Compl. ¶ 30.)

19     In answer to the Complaint, defendants asserted an affirmative defense of setoff, based on

20  the debt that Campos (and putative class members like her) owed to Western Dental.  (Answer

21  at 5.)  Significantly, Campos did not move to strike that affirmative defense.  Western Dental also

22  filed a "conditional" counterclaim asking that if (and only if) a plaintiff class is certified, the

23  Court should also certify a "counterclaim class" composed of those class members who entered

24  into similar installment contracts as Campos and, like her, are in default under that contract.

25  _____

26  [1]     Plaintiff has concurrently filed a motion for class certification.  This motion to dismiss
should be decided first because the motion for class certification is premature, for reasons
27  discussed in defendants' opposition to that motion.

28  [2]     Any potential violation of the Rosenthal Act was subsequently cured within the 15-day
cure period provided by that Act.  Cal. Civ. Code § 1788.30(d).

OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM                          1
Case No.   05-02119 RMW
sf-1978933

(Answer at 7.)  Plaintiff simultaneously moved to dismiss the counterclaim for lack of subject matter jurisdiction and moved for class certification.

## SUMMARY OF ARGUMENT

The Court should deny plaintiff's motion to dismiss Western Dental's counterclaim.  All that is required for "supplemental jurisdiction" to exist over the counterclaim is that it bear a "loose factual connection" to the FDCPA claims.  This counterclaim easily meets that standard.  Here, Western Dental was seeking to collect *its own* debt.  That matters because it means that the claim, and the counterclaim, necessarily arise from the same transaction.  It also distinguishes this case from those on which plaintiff relies, in which counterclaims asserted in FDCPA actions were found "permissive" where they arose from debt collection activities by a *third-party* debt collector.  Finally, it makes sense from a case-management standpoint to assert jurisdiction.  The Court's jurisdiction over Western Dental's affirmative defense of setoff is uncontested.  So, no matter what happens to the counterclaim, setoff will raise the same witnesses, evidence, facts, and legal issues.  Forcing Western Dental to relitigate those issues in potentially thousands of separate state court actions would be duplicative and raise the specter of inconsistent judgments.

## ARGUMENT

### I.      THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER WESTERN DENTAL'S COUNTERCLAIM UNDER 28 U.S.C. § 1367(A)

A district court has "supplemental jurisdiction" over a counterclaim so long as it is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III."  28 U.S.C. § 1367(a).  If a claim falls within section 1367(a), a federal court may nevertheless decline jurisdiction on one of the grounds in section 1367(c).  Western Dental discusses section 1367(a) here, and 1367(c) in section II.

#### A.      Jurisdiction Exists So Long As the Counterclaim Bears a "Loose Factual Connection" to the FDCPA Claim

Plaintiff contends that Western Dental must establish an "independent basis" for federal jurisdiction if its counterclaim is to survive this challenge.  She is wrong.

1    The case law upon which plaintiff relies has been rejected by the Second and Seventh

2    Circuits.  *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 213 (2d Cir. 2004); *Channell v.*

3    *Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996).[3]  The Ninth Circuit has endorsed the

4    Second and Seventh Circuit's approach, and it has been followed in FDCPA cases by district

5    courts in the Ninth Circuit.  *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1114 (9th

6    Cir. 2004).  Plaintiff's authorities either predate, or rely upon a mode of analysis that predates, the

7    passage of the "supplemental jurisdiction" statute, 28 U.S.C. § 1367, in 1990.   After the

8    enactment of section 1367, counterclaims may remain so long as they bear a "loose factual

9    connection" to the underlying federal claims.  *Channell*, 89 F.3d at 385; *CE Distribution*,

10   380 F.3d at 1114.  Nothing more is required.

11    Before 1990 and the enactment of section 1367, "it was clear that a permissive

12   counterclaim based on state law required an independent basis of jurisdiction."  *Channell*, 89 F.3d

13   at 384.  But Section 1367 expanded the scope of supplemental jurisdiction to the constitutional

14   limits of Article III:  "Congress consciously chose to reject the 'same transaction or occurrence'

15   standard [used to determine if a counterclaim is compulsory or permissive], included in earlier

16   legislative drafts…."  16 James Wm. Moore et al., Moore's Federal Practice § 106.25[1].  "After

17   section 1367, it is no longer sufficient for courts to assert, without any reason other than dicta or

18   even holdings from the era of judge-created ancillary jurisdiction, that permissive counterclaims

19   require independent jurisdiction."  *Jones*, 358 F.3d at 212-13; *see also Channell*, 89 F.3d at 385.

20   Instead, courts have supplemental jurisdiction over permissive counterclaims so long as they bear

21   a "loose factual connection" to the underlying federal claims.  *Channell*, 89 F.3d at 385.[4]

22    The Ninth Circuit endorses that approach.  In *CE Distribution*, the Ninth Circuit cited the

23   Seventh Circuit's analysis in *Channell* with approval and applied it in the context of pendent

_____

25   [3]    Plaintiff tries to factually distinguish the Second and Seventh Circuit cases, to no avail.
26   (*See* page 5 & n. 6, *infra*.)  That aside, she cannot refute the holding of those cases, namely, that a
     "permissive" counterclaim no longer requires an "independent" jurisdictional basis.

27   [4]    The Second Circuit did not decide in *Jones* whether section 1367 required a "loose factual
28   connection," as the Seventh Circuit held, or a "common nucleus of operative facts," because it
     found that the debt counterclaim in that case satisfied either standard.  358 F.3d at 213 & n. 5.

1 personal jurisdiction, a doctrine that the court described as "analogous" to supplemental

2 jurisdiction.  380 F.3d at 1113-14.  Quoting *Channell*, the Ninth Circuit held that "for purposes of

3 [supplemental] jurisdiction, only a loose factual connection between the claims is necessary." *Id.*

4 at 1114.  *CE Distribution*, decided in 2004, postdates the district court cases on which plaintiff

5 relies and, therefore, calls into question their continuing validity.

6       District courts in the Ninth Circuit have concurred that "[t]he distinction between

7 permissive and compulsory cross-claims is no longer a relevant distinction after the promulgation

8 of § 1367(a)."  *De Coito v. Unifund Corp.*, No. 01-00379 DAE BMK, 2004 U.S. Dist. LEXIS

9 23729, at *28 (D. Haw. Jan. 4, 2004) (exercising supplemental jurisdiction over debt

10 counterclaims in an FDCPA action); *see also Sea-Land Serv., Inc. v. Atl. Pac. Int'l*, 61 F. Supp.

11 2d 1092, 1101 (D. Haw. 1999) ("[E]ven if the counterclaim is permissive, the court, in its

12 discretion, may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367."); *Polaris Pool*

13 *Sys. v. Letro Products, Inc.*, 161 F.R.D. 422, 425 (C.D. Cal. 1995) (exercising supplemental

14 jurisdiction over defendant's counterclaims because "[e]ven if they are permissive counterclaims,

15 . . . they are based on the same facts as [the defendant's] federal counterclaims" and thus "form

16 part of the same case or controversy"); *see also Anderson v. Cent. Point Sch. Dist.*, 554 F. Supp.

17 600, 605 (D. Or. 1982) (exercising supplemental jurisdiction over a permissive counterclaim).

18       Western Dental's counterclaim easily meets the "loose factual connection" standard under

19 section 1367(a). That counterclaim and plaintiff's FDCPA claim arise out of the same core fact:

20 Campos's failure to pay her debt under the Service and Installment Contract and Promissory

21 Note.  Furthermore, defendants have asserted the affirmative defense of setoff for, inter alia, debts

22 owed by plaintiff and putative class members under that installment contract.  The amount of

23 plaintiff's affirmative recovery in her FDCPA claim (if any) will therefore depend, directly, on

24 the same facts as Western Dental's counterclaim.

25       Every court to have applied the "loose factual connection" standard to debt counterclaims

26 in FDCPA actions or in analogous contexts has found jurisdiction under section 1367(a).  In *De*

27 *Coito*, the district court in an FDCPA action exercised supplemental jurisdiction over a debt

28 counterclaim similar to the one asserted by Western Dental here, finding that the counterclaim

OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM
Case No.    05-02119 RMW
sf-1978933

4

"clearly involves the same case or controversy as Plaintiff's [FDCPA] claims."  2004 U.S. Dist. LEXIS 23729, at *28.  Similarly, in *Crawford v. Equifax Payment Servs.*, No. 97 C 4240, 1998 U.S. Dist. LEXIS 15719 (N.D. Ill. Sep. 30, 1998) the court held:

> Although the evidence which would establish or defeat the debt is different from that which the plaintiff must adduce to prove his FDCPA case, plaintiff must prove the existence of a debt as that term is defined in the FDCPA to prevail here.  The existence of a debt is relevant to both claims . . . [T]his slight factual overlap satisfies the requirement that the two actions must be 'loosely factually connected' before the court may exercise jurisdiction.

*Id.* at *16 (internal citations omitted).[5]

Courts in analogous contexts have reached the same conclusion.  In *Jones*, the plaintiffs alleged that the defendant's auto financing plan discriminated against African Americans in violation of the Equal Credit Opportunity Act (ECOA).  358 F.3d at 207.  The Second Circuit held that section 1367(a) allowed supplemental jurisdiction over counterclaims for debts owed under that financing plan because "[b]oth the ECOA claim and the debt collection claims originate from the Plaintiffs' decisions to purchase Ford cars."  *Id.* at 214; *see also Rodriguez v. Ford Motor Credit Co.*, No. 01 C 8526, 2002 U.S. Dist. LEXIS 7280 (N.D. Ill. Apr. 19, 2002) (exercising supplemental jurisdiction over a debt counterclaim in a similar ECOA action); *Carmichael v. Payment Ctr., Inc.*, No. 01 C 9392, 2002 U.S. Dist. LEXIS 1419, at *2 (N.D. Ill. Jan. 29, 2002) (section 1367(a) allows jurisdiction over a mortgage foreclosure counterclaim in a Truth in Lending Act action).[6]

---

[5]   The court ultimately exercised its discretion under section 1367(c) to decline jurisdiction, *Crawford*, 1998 U.S. Dist. LEXIS 15719, at *19, but for reasons not relevant in this case, as explained below in section II.

[6]   Plaintiff suggests that *Jones* is distinguishable because the Second Circuit relied on section 1367(c), not subsection 1367(a).  That just shows plaintiff's misunderstanding of the statute.  A court doesn't even reach the issue of subsection (c)—whether to decline jurisdiction in its discretion—unless it has made the threshold determination that jurisdiction exists under subsection (a).  *Jones* is illustrative.  There, the Second Circuit found that the debt counterclaim *was* part of the same case or controversy as the FDCPA claim (358 F.3d at 213-14), and only then did it apply the discretionary factors of dismissal listed in subsection (c).  *Id.* at 215.

OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM
Case No.   05-02119 RMW
sf-1978933

5

1  The Seventh Circuit reached a similar conclusion in *Channell*, finding a "loose factual

2  connection" between plaintiff's claim that the termination provisions of defendant's lease violated

3  the Consumer Leasing Act and defendant's counterclaim for termination charges owed by class

4  members.  89 F.3d at 385-86.  Plaintiff tries to distinguish *Channell* by arguing that the claim

5  there required a showing that the lease was valid, whereas the FDCPA claim here does not.  Not

6  so.  The validity of the debt is very much at issue here.  Western Dental has asserted the

7  affirmative defense of setoff based, inter alia, on valid debts owed by Campos and other putative

8  class members.  By failing to challenge that defense by way of motion, plaintiff has tacitly

9  acknowledged this Court's jurisdiction to adjudicate that affirmative defense.

10  This Court has jurisdiction under section 1367(a).  It should deny plaintiff's motion.

12  **B.**   **Even Under the Outdated Test Urged by Plaintiffs, Supplemental
        Jurisdiction Would Exist**

14  Plaintiff relies on a test predating section 1367, arguing that this Court has supplemental

15  jurisdiction over a counterclaim only if it is "compulsory" rather than "permissive."  As just

16  explained, that is the wrong test.  But even if the Court were to apply that outdated test, plaintiff's

  motion is still doomed.  Western Dental's counterclaim would pass the old test too.

18  A counterclaim is "compulsory" if it "arises out of the transaction or occurrence that is the

19  subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a).  Western Dental's

20  counterclaim arises out of the *identical* transaction as Campos's FDCPA claims:  Both arise from

21  the unpaid debt owed by Campos.  Campos's argument might make sense if this were a "slip-and-

22  fall" case, for example, in which Western Dental were attempting to assert a counterclaim for an

23  unrelated contractual debt.  Here, the allegedly actionable collection letter on which Campos's

24  entire FDCPA claim rests was sent by Western Dental *because of* the same unpaid debt that

  Western Dental is now trying to collect.

26  Plaintiff's cases are not to the contrary for two fundamental reasons.  First, in all the cases

27  she cites, save one, the allegedly actionable debt-collection letter was sent—not by the creditor

1   itself—but by a third-party debt collection agency.[7]  That matters, because it means that the debt

2   (which gave rise to the counterclaim) was originated by someone other than the debt collector

3   (whose conduct gave rise to the FDCPA claim).  Because the FDCPA does not apply to persons

4   who collect their own debts (unless they collect using a name other than their own) (*see* 15 U.S.C.

5   § 1692a(6)(f)(ii)), it is not surprising that courts often find debt counterclaims to FDCPA actions

6   to be permissive rather than compulsory.  In that situation, the two transactions are separate, and

7   involve separate parties.  *See Baker v. G.C. Servs. Corp.*, Civ. No. 79-467, 1979 U.S. Dist. LEXIS

8   15351, at **3-4 (D. Or. Dec. 1979) (finding the counterclaim permissive because the FDCPA

9   claims concerned "activities occurring after the original credit transaction . . . performed by

10  someone other than the original creditors").

11         By the same token, courts that have held debt counterclaims compulsory have reached that

12  conclusion in precisely the sort of unusual situation that Western Dental's claim presents.  In

13  *Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589, 592 (E.D. Cal. 1999), where the defendant

14  to an FDCPA claim had "initiate[d] collection efforts on its own behalf," the court concluded that

15  it had supplemental jurisdiction under section 1367(a) over the debt counterclaims.  *Id.* at 592,

16  599; *see also Krutchkoff v. Fleet Bank, N.A.*, 960 F. Supp. 541 (D. Conn. 1996) (where defendant

17  bank was both the original creditor and the debt collector, granting defendant's debt

18  counterclaims in an action alleging, inter alia, violations of the FDCPA and corresponding state

19  debt collection law).

20         The second distinction is that Western Dental, unlike the defendants in the cases on which

21  plaintiff relies, has asserted an affirmative defense of setoff that arises out of the same transaction

22  or occurrence as its counterclaim.  That defense—which plaintiff has not challenged—involves

23  the same witnesses, documents, facts, and evidence concerning the validity and amount of the

24

25  _____

26  [7]      Only one of plaintiff's cases involved a creditor collecting its own debt.  But the district
    court failed to appreciate that distinction, and relied instead on case law involving *separate* debt
27  collection agencies.  *Cf.*, *Berrios v. Sprint Corp.*, No. CV-97-0081 (CPS), 1998 U.S. Dist. LEXIS
    6579, at *26 (E.D.N.Y. Mar. 16, 1998).  Moreover, *Berrios* is no longer good law after the
28  Second Circuit's decision in *Jones*, *supra*, in which supplemental jurisdiction was found to exist
    over a debt counterclaim in an action under the Equal Credit Opportunity Act.

1   debt owed to Western Dental.  It is needlessly duplicative for Western Dental to relitigate these

2   issues in individual state court actions against each debtor, after this Court will address those same

3   issues in ruling on Western Dental's affirmative defense of setoff in this case.  If Rule 13 seeks

4   "to enable the court to settle all related claims in one action, thereby avoiding a wasteful

5   multiplicity of litigation on claims arising from a single transaction,"  Wright, Miller & Kane,

6   Federal Practice and Procedure Civ. 2d § 1409, at 46 (2d ed. 1990), Western Dental's

7   counterclaim should be treated as compulsory.

8          Under either test, supplemental jurisdiction exists over the counterclaim.

9

10          **II.     THIS COURT SHOULD NOT EXERCISE ITS DISCRETION TO
               DECLINE JURISDICTION UNDER SECTION 1367(C)**

11          The next question is whether the court should decline to exercise its discretion on one of

12   the four grounds listed in subsection (c).[8]  Plaintiff does not dispute that if section 1367(a) is

13   satisfied, this court should exercise jurisdiction over Western Dental's counterclaim.  (*See*

14   Plaintiff's Memorandum of Law in Support of Her Motion to Dismiss, at 4:16, 11:15-18.)  Nor

15   could she.  None of the four bases in subsection (c) apply.  To the contrary, because this Court

16   will already be adjudicating the issues relevant to the counterclaim when it addresses Western

17   Dental's affirmative defense of setoff, the core concerns of section 1367(c)—consistency,

18   efficiency, and fairness—weigh in *favor* of jurisdiction.

19          The only grounds that could conceivably apply here are subsections (c)(2) and (c)(4).[9]

20   Neither does.  Section 1367(c)(2) does not apply because Western Dental's counterclaim is

21   unlikely to predominate over the FDCPA claim.  Most of the legal and factual issues relevant to

22

23   _____

24   [8]       Under section 1367(c), "district courts may decline to exercise supplemental jurisdiction
      if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially
25   predominates over the claim or claims over which the district court has original jurisdiction, (3)
      the district court has dismissed all claims over which it has original jurisdiction, or (4) in
      exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28
26   U.S.C § 1367(c) (1)-(4).

27   [9]       Section 1367(c)(1) is inapplicable because Western Dental's counterclaims are routine
      state law contract claims.  The same is true of section 1367(c)(3), since the federal claim here has
28   not been dismissed.

1   Western Dental's counterclaim will already need to be addressed in this court's evaluation of the

2   affirmative defense of setoff, and plaintiff does not contest this court's authority to adjudicate that

3   defense.  Retaining the counterclaim therefore will not consume significant additional resources

4   for the parties or the Court in the case.  *See Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d

5   1118, 1143 (N.D. Cal. 2003) ("Given that [defendant's] counterclaims are based on the same facts

6   as are the defenses it will present in this action, the Court finds that [defendant's] counterclaims

7   will not so substantially predominate as to justify the judicial inefficiency that would result if this

8   Court were to decline to exercise supplemental jurisdiction.").

9          Nor are there "exceptional circumstances" that "compel[]" the court to decline jurisdiction

10   under section 1367(c)(4).  Some courts, as plaintiff notes, have expressed concern that allowing

11   debt counterclaims could undercut enforcement of the FDCPA by reducing plaintiffs' recovery

12   and thus discouraging suits.  *See, e.g.*, *Ballard*, 186 F.R.D. at 599; *Crawford*, 1998 U.S. Dist.

13   LEXIS 15719, at *19.  Not so here.  Plaintiffs would owe the amount of their debt in any event.

14   Allowing debt counterclaims does not increase the amount plaintiffs owe; it just changes the

15   forum where the debt is enforced from state court to federal court.  That forum change may make

16   it easier to enforce those debts by allowing classwide treatment in conjunction with an FDCPA

17   suit.  But there is nothing about increasing the efficiency of debt enforcement, though, that is

18   contrary to the purposes of the FDCPA.  *See* 15 U.S.C. § 1692(e) (outlining the purposes of the

19   FDCPA); *cf. Channell*, 89 F.3d at 386 ("avoidance of the debts … is not the inducement Congress

20   established in the [Consumer Leasing] Act"); *Granberry v. Islay Inv.*, 9 Cal. 4th 738, 746, 749,

21   38 Cal. Rptr. 2d 650, 654, 656 (1995) (reducing damages by amount of unpaid rent does not

22   subvert pro-consumer purpose of state statute governing security deposits).

23          Moreover, because defendants have asserted an affirmative defense of setoff, which

24   plaintiffs have not moved to strike, plaintiff and putative class members will have their debts

25   enforced to some extent on a classwide basis in federal court anyway, even if the counterclaim is

26   dismissed.  Thus, allowing Western Dental's counterclaim does not change the amount that

27   plaintiffs will recover under the FDCPA.

28

1    *Channell* is directly analogous.  There, the Seventh Circuit found that where the district

2    court had already allowed an affirmative defense of setoff without protest from plaintiffs,

3    allowing debt counterclaims in addition would not further undercut the policies of the Consumer

4    Leasing Act to any significant extent — and might even better promote the debtors' interests.

5    89 F.3d at 386.  "Legal rules that increase collections and reduce expenses may require *these*

6    lessees to pay more, but the cost of leases will fall for consumers as a group — for in competition

7    any reduction in costs flows to consumers.  Consideration of consumers' interests therefore favors

8    adjudicating rather than dismissing [defendant's] counterclaim."  *Id.*

9         To the contrary, *declining* jurisdiction would be unfair.  "A claim under the [FDCPA]

10   should not become a tactic to derail collections of legitimate debts by opening a separate insulated

11   battleground in which the debtor can win but not lose."  *Sluys v. Hand*, 831 F. Supp. 321, 328

12   (S.D.N.Y. 1993) (allowing debt counterclaim in FDCPA action).  Had this suit been brought in

13   state court, as it could have been, Western Dental would have a *substantive* right under California

14   law to recover these debts.  *Granberry*, 9 Cal. 4th at 749; 38 Cal. Rptr. 2d at 656.[10]  To permit

15   Campos to recover on Western Dental's alleged technical violations of the FDCPA, while

16   insulating her from Western Dental's substantive right to collect the debt that she undisputedly

17   owes, would make substance take a back seat to procedure.  That is the result denounced by the

18   California Supreme Court in *Granberry*.  "[I]t is inappropriate to deprive defendants of their

19   substantive rights merely because those rights are inconvenient in the litigation posture plaintiffs

20   have chosen . . . [a]ltering the substantive law to accommodate procedure would be to confuse the

21   means with the ends — to sacrifice the goal for the going."  *Id.*

22        Furthermore, declining jurisdiction would be inefficient.  This Court is going to have to

23   decide the validity of Western Dental's affirmative defense of setoff anyway.  It would be

24   wasteful to force Western Dental to relitigate the same issues in potentially thousands of

25   independent actions in state court.  That would also risk inconsistent judgments: what if, for

26   _____

27   [10]    In *Granberry*, the California Supreme Court held that a landlord had a substantive right to
     setoff, not a counterclaim.  9 Cal. 4th at 749; 38 Cal. Rptr. 2d at 656.  But the logic of the opinion
28   is equally applicable in this context.

1   example, this Court denied the defense of setoff, but a state court entered a judgment against

2   Campos or a putative class member for that person's debt to Western Dental, or vice versa?  That

3   can't happen when the setoff and the counterclaim are litigated together in the same action.

4                                    **CONCLUSION**

5          For the forgoing reasons, Western Dental requests that plaintiff's motion to dismiss

6   Western Dental's conditional counterclaim be denied.

7

8   Dated: August 12, 2005                    WILLIAM L. STERN
                                              DAN MARMALEFSKY
9                                             RITA F. LIN
                                              MORRISON & FOERSTER LLP
10

11
                                              By:  _____/s/_____
12                                                    William L. Stern

13                                            Attorneys for Defendants
                                              WESTERN DENTAL SERVICES, INC. and
14                                            JENNIFER ROTH

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM                                          11
Case No.    05-02119 RMW
sf-1978933