**E-FILED on** 11/28/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY CAMPOS, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>WESTERN DENTAL SERVICES, INC. AND JENNIFER ROTH,<br><br>　　　　Defendants. | Case No. C-05-02119 RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT WESTERN'S "CONDITIONAL" COUNTERCLAIM AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT AND CLASS CERTIFICATION |

Plaintiff Nancy Campos ("plaintiff") has sued defendants Western Dental Services, Inc. and one of its employees, Jennifer Roth ("defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., and California's Rosenthal Fair Debt Collection Practices Act ("the Rosenthal Act"), Cal. Civ. Code §§ 1788 *et seq*. Defendant Western filed a "conditional" counterclaim[1] against plaintiff and the putative class for breach of contract. Plaintiff moves to (1) dismiss the counterclaim for lack of subject matter jurisdiction, (2) amend her complaint to redefine the class and (3) certify the

---

[1] Defendant Western uses the term "conditional" because they allegedly will prosecute the claim only if the court grants plaintiff's motion for class certification.

redefined class. Defendants oppose the motions. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court (1) grants plaintiff's motion to dismiss defendant Western's "conditional" counterclaim; (2) denies without prejudice plaintiff's motion for leave to amend her complaint to define the class as Santa Clara County residents; and (3) denies without prejudice plaintiff's motion for class certification.

## I. BACKGROUND

Defendant Western provides dental services to patients in California and Arizona. It allows patients to pay for their services on installment basis without charging interest so long as payments are made on time. Defendant Western contends that it performed services for plaintiff's daughter for which plaintiff has failed to pay. Plaintiff allegedly owes $1725.00. In February, 2005 defendant Western sent plaintiff both a collection notice and a collection letter. Plaintiff alleges that the letter violated both the FDCPA and the Rosenthal Act. Plaintiff brings this action as a class action, and in her complaint, defines the class as "all persons who were sent [a letter in the form of Exhibit B] at an address in San Jose." Complaint at 6:13-14. Plaintiff seeks damages and injunctive relief on behalf of herself and those similarly situated.

## II. ANALYSIS

### A. Plaintiff's Motion to Dismiss Defendant's "Conditional" Counterclaim

Plaintiff moves to dismiss defendant Western's counterclaim on the grounds that this court lacks subject matter jurisdiction. Federal district courts have original jurisdiction over all civil actions either "arising under the Constitution, laws, or treaties of the United States" or where complete diversity of citizenship exists and the matter in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The court has original jurisdiction over plaintiff's claims under the FDCPA, since it was created by federal law. The court does not, however, have original jurisdiction over defendant Western's counterclaim for breach of contract since it arises under state law, and there is a lack of complete diversity between the parties. Nevertheless, the court may exercise supplemental jurisdiction under 28 U.S.C. § 1367.

Section 1367(a) grants supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution."[2] Federal Rule of Civil Procedure 13 defines two types of counterclaims: compulsory and permissive. Compulsory counterclaims "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). In determining if the counterclaim is compulsory, the Ninth Circuit applies a "logical relationship test," where the court "analyze[s] whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Amer.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978)). Permissive counterclaims are claims "against an opposing party not arising out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(b).

Prior to the 1990 enactment of Section 1397, federal courts did not have jurisdiction over permissive counterclaims absent an independent basis for federal subject matter jurisdiction. *See Channell v. Citicorp Nat'l Servs. Inc.*, 89 F.3d 379, 384 (7th Cir. 1996). Since the enactment of Section 1367, at least two circuits have held that a federal court may exercise supplemental jurisdiction over certain permissive counterclaims. *See Channell*, 89 F.3d at 384; *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212-213 (2d Cir. 2004). Both the Second and Seventh Circuits reason that supplemental jurisdiction should be determined by the language of Section 1367, such that jurisdiction exists when the state counterclaim and the federal claim are "so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." Following this line of reasoning, compulsory counterclaims by definition "form part of the same case or controversy" since they "arise out of the same transaction or occurrence" and, therefore, supplemental jurisdiction over compulsory counterclaims is proper.

The more difficult issue is whether a permissive counterclaim can also "form part of the same case or controversy" even though it does not "arise from the same transaction or occurrence" as plaintiff's claim. The test for supplemental jurisdiction under Section 1367 appears to be broad enough to encompass some permissive counterclaims. "[J]ust because a state law claim does not arise out of the same transaction or

---

[2] Section 1367 applies to state law claims brought by a plaintiff as well as to counterclaims brought by a defendant. *See Sparrow v. Mazda American Credit*, 2005 U.S. Dist. Lexis 18459, *4 (E.D. Cal. 2005).

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT WESTERN'S "CONDITIONAL" COUNTERCLAIM AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT AND CLASS CERTIFICATION
No. C-05-02119 RMW
KMF            3

1  occurrence as the federal law claim does not mean that the state law claim does not arise out of facts that

2  bear some relationship to the facts from which the federal claim arises so that the state claim and the federal

3  claim are considered part of the same constitutional case." *See Sparrow*, 2005 U.S. Dist. LEXIS 18459

4  at *9; *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (holding that Section 1367 requires a

5  "loose factual connection between the claims").

6      While it appears that the Ninth Circuit has not addressed the issue, this court agrees with the

7  Second and Seventh Circuit that it may exercise supplemental jurisdiction over some permissive

8  counterclaims.

9      Defendant Western argues that it is no longer necessary to determine if the counterclaim is

10 compulsory or permissive, and instead it is proper just to analyze whether the counterclaim bears a loose

11 factual connection to plaintiff's FDCPA claim. The court, however, still finds it appropriate to first

12 determine if the counterclaim is compulsory or permissive since, if the counterclaim is compulsory, this court

13 has supplemental jurisdiction over it. If the counterclaim is permissive, the question is whether supplemental

14 jurisdiction exists under Section 1367. If it does, the next question is whether the court should exercise its

15 discretion and decline to assert supplemental jurisdiction under Section 1367(c).

16     **1.    Defendant Western's Counterclaim is Permissive**

17     As noted, a counterclaim is compulsory if it "arises out of the same transaction or occurrence that is

18 the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). Plaintiff argues that defendant

19 Western's counterclaim is not compulsory since the contract at issue in the counterclaim did not arise from

20 defendant Western's debt collection practices. Mot. Dism. ("Mot. 1") at 3. Further, plaintiff points to

21 various federal courts that have addressed this specific question. One such district court noted that, "every

22 published decision directly addressing the issue in this case has found FDCPA lawsuits and lawsuits arising

23 from the underlying contractual debt are not compulsory counterclaims." *Hart v. Clayton-Parker and*

24 *Associates Inc.,* 869 F.Supp 774, 777 (D. Ariz. 1994). Defendant Western contends, however, that the

25 counterclaim is compulsory since both claims arise from the unpaid debt owed by plaintiff. In addition,

26 defendant Western argues that the cases cited by plaintiff are inapposite for two reasons: (1) the debt

27 collection letter was sent by a third-party debt collection agency and thus originated from someone other

28 ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT WESTERN'S "CONDITIONAL"
COUNTERCLAIM AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND
COMPLAINT AND CLASS CERTIFICATION
No. C-05-02119 RMW
KMF    4

than the debt collector and (2) defendant has asserted an affirmative defense of setoff. Opp. 1 at 7. The court does not find that either of these distinctions requires defendant Western's counterclaim to be considered compulsory rather then permissive.

In *Sparrow*, the court noted the issues raised by plaintiff's FDCPA claim and defendant's counterclaim were distinct:

> The [FDCPA claim] relates to the application of the FDCPA and focuses on a narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt collection practices by defendants. On the other hand, [the defendant's] counterclaim encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach. The claim and counterclaim are, of course, "offshoots" of the same basic transaction, but they do not represent the same basic controversy between the parties.

*Sparrow,* 2005 U.S. Dist. LEXIS 18459 * 11-12; citing *Leatherwood v. Universal Bus. Serv. Co.,* 115 F.R.D. 48, 49 (W.D.N.Y. 1987). The fact that defendant Western is not a third-party seeking collection of its debt does not change the fact that the issues in plaintiff's claim and the issues in defendant Western's counterclaim are distinct. As noted in *Leatherwood*, the evidence to support each claim also differs. Specifically plaintiff needs to prove evidence of the allegedly abusive collection practices, while defendant Western would have to prove the existence of a valid contract. *Leatherwood*, 115 F.R.D. at 49-50. Whether a plaintiff in an unfair debt collection practices action actually has outstanding debt is irrelevant to the merits of the FDCPA claim, and thus defendant Western's evidence of a valid contract is not relevant to plaintiff's claim. *See Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982).[3] Therefore, since the court does not find defendant Western's counterclaim is compulsory, it is permissive.

**2.     Supplemental Jurisdiction under Section 1367(a)**

Plaintiff argues that permissive counterclaims do not fall under Section 1367(a) supplemental jurisdiction, and instead require their own independent jurisdictional basis. Mot. 1 at 4-5. However, as long as the counterclaim is "so related to claims in the action within such original jurisdiction that they form

---

[3] Defendant Western's second distinction based on its affirmative defense of setoff is not persuasive. Defendant Western has failed to cite any case supporting its argument that its counterclaim should proceed because it is based on the same evidence and issues to be addressed by its affirmative defense. In addition, the *Sparrow* court, addressing this exact issue did not find the argument persuasive and held the counterclaim permissive.

part of the same case or controversy under Article III of the United States Constitution," the court has supplemental jurisdiction. 28 U.S.C. § 1367(a). Thus, there will be some permissive counterclaims over which the court has supplemental jurisdiction and some it does not. The reason is that the standard for supplemental jurisdiction is broader than the standard for a counterclaim to be compulsory.[4]

Defendant Western argues that its counterclaim bears a "loose factual connection" to the underlying federal claim." Opp. 1 at 3. The court agrees that defendant Western's counterclaim is "so related" to plaintiff's claim as to form part of the same case or controversy, since defendant Western's counterclaim and plaintiff's claim are related to the single debt incurred by plaintiff. Thus, supplemental jurisdiction under Section 1367(a) exists over defendant Western's counterclaim for the underlying debt.

### 3. The Court Declines to Exercise Supplemental Jurisdiction

Despite the fact that supplemental jurisdiction exists over defendant Western's counterclaim, the court may under Section 1367(c) decline to exercise such jurisdiction in one of four situations:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

As an initial matter, the court finds, and defendant Western does not disagree, that Sections 1367(c)(1) and (3) do not apply.

In *Sparrow*, the district court recognized that allowing defendant to bring a counterclaim for the underlying debt may deter those harmed by alleged violations of the FDCPA from pursuing their rights under the statute:

> To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this. Moreover, it would involve

---

[4] A counterclaim must "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim" to be considered compulsory, while it only must be "related to claims in the action" to fall under supplemental jurisdiction. Fed. R. Civ. P. 13(a); 28 U.S.C. § 1367(a).

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT WESTERN'S "CONDITIONAL" COUNTERCLAIM AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT AND CLASS CERTIFICATION
No. C-05-02119 RMW
KMF                                            6

> this Court in questions of no federal significance. Given the remedial nature of the FDCPA 'and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of . . . the target of the very legislation under which' a FDCPA plaintiff states a cause of action.

*Sparrow*, 2005 U.S. Dist. LEXIS 18459 at *19; citing *Leatherwood*, 115 F.R.D. at 50 (quoting *Roberts v. Nat'l Sch. of Radio & Television Broadcasting*, 374 F. Supp. 1266, 1271 (N.D. Ga. 1974)).

Defendant Western attempts to distinguish the case at hand from previous cases declining to exercise jurisdiction over a counterclaim based on the underlying debt. First, defendant Western argues that the presence of its affirmative defense of set-off puts the very same issues involved in the counterclaim before the court. Defendant Western contends that declining jurisdiction would be inefficient and raises the risk of potential inconsistent judgments. Opp. Mot. Dism. ("Opp. 1") at 10. While defendant Western's argument has some merit, it is not enough to overcome the public policy reasons behind declining jurisdiction.[5] In addition, defendant Western is in no way precluded from litigating the underlying in debt in state court.

A major purpose of the FDCPA is to protect individuals from unfair debt collection practices, regardless of the validity of the underlying debt. *See Baker*, 677 F.2d at 777. Since it is evident that the purpose of the FDCPA is to give those harmed by an alleged violative act a remedy against a debt collector regardless of whether the underlying debt is valid, strong public policy reasons exist for declining to exercise jurisdiction over defendant Western's counterclaim.

In urging this court to exercise jurisdiction, defendant Western argues that plaintiff should not "expect a court to tolerate evasion of lawful debts." *See Channell*, 89 F.3d 379 at 386. After recognizing that plaintiffs do not have a legal right to avoid collection, the Seventh Circuit remanded the case since "[a]rguments under § 1367(c) are addressed to the district court's discretion." *Id*. at 387. Before remanding the case, the Seventh Circuit noted that the defendant's counterclaim may pose potential problems under both § 1367(c)(2) and (4). *Id*. On remand, the district court exercised its discretion and dismissed defendant's counterclaim. *Channell v. Citicorp National Services, Inc.,* 1996 U.S. Dist. LEXIS 14506. While *Channell* involved claims under the Consumer Leasing Act ("CLA"), the court's

---

[5] The *Sparrow* court also had before it an affirmative defense of set-off when it declined to exercise jurisdiction.

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT WESTERN'S "CONDITIONAL" COUNTERCLAIM AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT AND CLASS CERTIFICATION
No. C-05-02119 RMW
KMF                                     7

1   reasoning behind declining to exercise jurisdiction is helpful. First, allowing the counterclaim could

2   potentially have led to "extensive litigation of individualized contract liability and damage issues in 96

3   separate cases." *Id.* at *6. Second, exercising supplemental jurisdiction over the "counterclaim would

4   create a tremendous 'chilling effect' over the private enforcement of the CLA." *Id*. at *8.

5       Declining to exercise discretion over defendant Western's counterclaim is supported by both the

6   public policy behind the FDCPA and the potential that defendant Western's counterclaim may substantially

7   predominate over the original federal claim. The court therefore grants plaintiff's motion to dismiss

8   defendant Western's "conditional" counterclaim.[6]

9       **B.    Plaintiff's Motion for Leave to File Amended Complaint**

10       Federal Rule of Civil Procedure 15 provides in relevant part that "[a] party may amend the party's

11   pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given

12   when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be granted in the absence of

13   undue delay, bad faith, or a dilatory motive on the part of the movant, or undue prejudice to the opposing

14   party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d

15   1097, 1101 (9th Cir. 2004).

16       Plaintiff contends the amendment is sought in good faith and that defendant will not be unduly

17   prejudiced if this court grants leave to amend. Mot. Amend Complaint ("Mot. 2") at 3. Plaintiff argues

18   that since discovery has not commenced, defendants will not be prejudiced. *Id*.

19       Defendants argue that allowing plaintiff leave to amend her complaint will in essence lead to

20   piecemeal litigation which shall have the effect of violating the purpose behind the "cap" on statutory

21   damages available under the FDCPA. Opp'n Amend Complaint ("Opp'n 2") at 3. Defendants assert they

22   have "no objection to an amendment that defines the class so as to include all customers who received the

23   allegedly objectionable form of collection letter, regardless of where the Western Dental office is located

24   or where the person responsible for payment resides." Opp'n 2 at 1. Essentially defendants seek to have

25   the class defined as all residents of California and Arizona who received the alleged violative letter.

---

[6] The order to grant plaintiff's motion to dismiss defendant Western's counterclaim in no way prevents defendant Western from lawfully pursuing in state court any debt any class members may owe.

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT WESTERN'S "CONDITIONAL" COUNTERCLAIM AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT AND CLASS CERTIFICATION
No. C-05-02119 RMW
KMF    8

However, the court does not have before it a motion for leave to amend the complaint in such a way. What the court does have before it are two possible class definitions: San Jose City residents and Santa Clara County residents.

Since the court will not certify a class of either San Jose City residents or Santa Clara County residents under Federal Rule of Civil Procedure 23 (see Section C below), granting plaintiff's current motion would be futile. Therefore, the court denies plaintiff's motion for leave to amend her complaint without prejudice. The parties may wish to submit a stipulation to an agreed upon amendment, rather than incur the expense and delay of another motion to amend.

**C.     Plaintiff's Motion for Class Certification**

A class may be certified to allow one member of the class to be a representative on behalf of the class only if a plaintiff meets all four requirements of Federal Rule of Civil Procedure 23(a)[7] and at least one of the three requirements of Rule 23(b). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Defendants do not dispute that plaintiff can meet Rule 23(a)'s requirements.

A plaintiff may satisfy Rule 23(b) if she proves that:

> (1) the prosecution of separate actions . . . would create a risk of
>    (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>    (B) adjudications with respect to individual class members which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a

---

[7]     The four requirements under Rule 23(a) are:

(1) the class is so numerous that joinder of all members is impracticable,
(2) there are questions of law or fact common to the class,
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT WESTERN'S "CONDITIONAL" COUNTERCLAIM AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT AND CLASS CERTIFICATION
No. C-05-02119 RMW
KMF                                                        9

> class action is superior to other available methods for the fair and efficient adjudication of the controversy . . . .

Fed. R. Civ. P. 23(b).

Plaintiff argues that a class action would be "superior" under Rule 23(b)(3).[8] Defendants disagree, noting that a county-wide class would lead to piecemeal litigation because it fails to include all potential customers who received the allegedly illegal letters. Opp'n Class Cert. (Opp'n 3") at 4-5. The court agrees with defendants. First, plaintiffs' proposed class allegedly contains approximately 250 members. Individuals who received the allegedly offending letters but do not reside in Santa Clara County would need to bring their own lawsuits. This contradicts one of the main purposes of class actions: avoiding multiple lawsuits. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983).

Second, before the court can allow a multitude of potential lawsuits, it is proper to consider the damages that are provided under 15 U.S.C. § 1692k(a)(1)(B) for violations of the FDCPA.[9] The parties disagree as to whether there is an all encompassing statutory cap on the amount of damages for which a defendant can be liable under the FDCPA. The court is not convinced that such a cap on damages exists.[10] With the absence of a statutory cap on damages, allowing plaintiff to define a small class would only increase the likelihood of multiple lawsuits. While Congress may not have intended the damages to only be

---

[8] Defendant's first argument is that class certification is not proper because "the operative pleading does not permit certification of a county-wide class." Opp'n 3 at 4. This argument is moot however in light of the court's denial of plaintiff's motion for leave to amend her complaint to define the class as residents of Santa Clara County receiving the subject letter.
  In the alternative, defendants argue that plaintiff's motion should be dismissed as premature. However, defendants' argument that the motion is premature is unpersuasive in light of this court's order to dismiss defendant Western's counterclaim and grant plaintiff leave to amend her complaint. Thus, all issues which would have made plaintiff's motion for class certification premature have been resolved.

[9] Section 1692k(a)(1)(B) provides that in class actions the amount recoverable shall not exceed the lesser of $500,000 or 1 per centum of the net worth of the defendant.

[10] The Truth in Lending Act ("TILA") does not permit multiple recoveries in suits in different states on behalf of different classes against the same defendant. The same, however, is not true for a defendant in an FDCPA cause of action. Under TILA the first class to succeed in an action against a defendant would be the only class to recover damages. All subsequent classes would be prevented from recovery. The Seventh Circuit, while not deciding the issue, did consider whether such a cap exists under the FDCPA and rejected the argument that Congress intended the class action cap under an FDCPA claim to only be available against a defendant once. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997). This reasoning is persuasive.

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT WESTERN'S "CONDITIONAL" COUNTERCLAIM AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT AND CLASS CERTIFICATION
No. C-05-02119 RMW
KMF                                                                          10

available once, Congress presumably did not intend damages to be available numerous times. Allowing plaintiff to define her class so as to only include Santa Clara County residents could potentially result in just that, a defendant being liable for the lesser of $500,000 or 1 per centum of their net worth numerous times for one infirmity in a form letter sent to many. Such a result seems inconsistent with the policy behind both the FDCPA and class actions.

The class as plaintiff has defined it is not "superior" to other means available. Therefore the court denies plaintiff's motion for class certification and allows plaintiff to determine how she desires to proceed.[11]

### III. ORDER

For the foregoing reasons, this court: (1) dismisses defendant Western's conditional counterclaim; (2) denies without prejudice plaintiff's motion for leave to amend her complaint; and (3) denies without prejudice plaintiff's motion for class certification.

DATED:     11/28/05                                    /s/ Ronald M. Whyte
                                                       RONALD M. WHYTE
                                                       United States District Judge

---

[11] If plaintiff wishes to continue her action as a class action, she will have to define her class as to encompass a class which would meet Rule 23(b)(3)'s requirement of "superiority."

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**
Ronald Wilcox                ronaldwilcox@post.harvard.edu
O. Randolph Bragg            rand@horwitzlaw.com

**Counsel for Defendant(s):**
William L. Stern             wstern@mofo.com
Rita F. Lin                  rlin@mofo.com
Dan Marmalefsky dmarmalefsky@mofo.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      11/28/05                         KMF
                                          **Chambers of Judge Whyte**

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT WESTERN'S "CONDITIONAL" COUNTERCLAIM AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT AND CLASS CERTIFICATION
No. C-05-02119 RMW
KMF                                        12