RONALD WILCOX (CA SBN 176601)
ronaldwilcox@yahoo.com
LAW OFFICES OF RONALD WILCOX 2160
The Alameda, First Floor, Suite F
San Jose, California 95126
Telephone: (408) 296-0400
Facsimile: (408) 296-0586

O. RANDOLPH BRAGG (IL NO. 6221983)
rand@horwitzlaw.com
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington St., Suite 900
Chicago, IL 60602
Phone: (312) 372-8822
Fax: (312) 372-1673

Attorneys for Plaintiff
NANCY CAMPOS

WILLIAM L. STERN (CA SBN 96105)
wstern@mofo.com
RITA F. LIN (CA SBN 236220)
rlin@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

DAN MARMALEFSKY (CA SBN 95477)
dmarmalefsky@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Phone: (213) 892-5200
Fax: (213) 892-5454

Attorneys for Defendants
Western Dental Services, Inc. and Jennifer
Roth and Counter-Claimant Western Dental
Services, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| NANCY CAMPOS, an individual, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>WESTERN DENTAL SERVICES, INC. and JENNIFER ROTH,<br><br>            Defendants. | Case No.   05-02119 RMW<br><br>**CLASS ACTION**<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF CLASS SETTLEMENT**<br><br>Judge: Hon. Ronald M. Whyte |

Plaintiff Nancy Campos, on behalf of herself and all others similarly situated, and Defendants Western Dental Services, Inc. and Jennifer Roth have reached an agreement to settle this matter, brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA"), and California's Rosenthal Fair Debt Collection Practices Act, Civil

Code § 1788 *et seq.*, ("CA FDCPA"), on a classwide basis and have filed a Joint Motion for the Court's approval pursuant to Rule 23(e).

### I. PROCEDURAL HISTORY

Plaintiff Nancy Campos, on behalf of herself and all others similarly situated, filed a complaint against defendants Western Dental Services, Inc. and Jennifer Roth for violations of the FDCPA, on May 24, 2005. Docket # 1.

On November 28, 2005, the Court granted Plaintiff's motion to dismiss Defendants' Counterclaim and denied without prejudice Plaintiff's motion for class certification. Docket # 38. <u>Campos v. Western Dental Servs.</u>, 404 F.Supp.2d 1164 (N.D.Cal. 2005).

Through a settlement conference with Magistrate Judge Trumbull and subsequent negotiations, the parties have entered into a Stipulation and Class Action Settlement Agreement, <u>Appendix A</u> to the Joint motion, subject to this Court's approval. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the parties request the Court to grant preliminary approval of the proposed class settlement.

### II. STATEMENT OF FACTS

Subject to the Court approval, the parties have entered into a Stipulation to settle this proposed class action pursuant to which Defendants Western Dental Services, Inc. and Jennifer Roth have agreed to provide the following consideration to class members:

        **A.**      $5,000 to plaintiff Nancy Campos;

        **B.**      For each Settlement Class Member whose debt to Western Dental equals or exceeds $35.00, Western Dental shall cause the amount of that Settlement Class Member's debts to be reduced by $35.00;

        **C.**      For each Settlement Class Member who owes no debt to Western Dental or whose debt to Western Dental is less than $35.00, Western Dental shall cause a check to be mailed to that Settlement Class Member in an amount equal to the excess of (a) $35.00, minus (b) the amount of the Settlement Class Member's debt to Western Dental, if any.

Defendants will also bear the cost of sending notice to the class members and administration of the class.

      Defendants agree that Plaintiff is entitled to reasonable attorney fees, expenses, and costs to be agreed upon, or if agreement cannot be reached, those attorneys fees, expenses, and costs are to be determined by the Court.

### III.   STATEMENT OF QUESTIONS PRESENTED

      1.      hould the Court grant preliminary approval of the parties' Stipulation and Class Action Settlement Agreement?

      The parties submit that this question should be answered in the affirmative.

### IV.   ARGUMENT

      **A.**   **This Action May Be Certified As A Class Action For Settlement Purposes.**

      The parties have stipulated, for the purposes of settlement, to a class defined as:

(i) all persons wherever located (ii) to whom defendant Western Dental Services, Inc. sent letters in the form represented by Exhibit B (attached to the Complaint), (iii) which letters were not returned as undelivered by the Post Office, (iv) in connection with attempts to collect debts which are shown by Defendant's records to be primarily for personal, family, or household purposes, (v) during the period between May 24, 2004 and May 24, 2005.

In order for a class to be certified all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). The criteria for class certification has been met.

### 1. Rule 23(a)

#### a. Numerosity

The prerequisite of numerosity is discharged if the class is so large that joinder of all members is impracticable. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The proposed class consists of approximately 6400 members. Because the amount at stake for each debtor is small, each class member would be reluctant to sue individually. The numerosity requirement of Rule 23(a)(1) has been meet.

#### b. Commonality

A class has sufficient commonality if there are questions of fact and law which are common to the class. *Hanlon v. Chrysler Corp.*, supra at 1019. All of the class members were sent a letter in the form of Exhibit B (attached to the complaint) by Western Dental during the applicable time period. This fact is common to all the class members. The common question of law is whether the letters violated the FDCPA and or CA FDCPA.

#### c. Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative party are typical of the claims or defenses of the class. <u>Hanlon v. Chrysler Corp.</u>, supra at 1020. "Representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." <u>Id</u>.  The claims made by Plaintiff is typical of the class Ms. Campos seeks to represent.  Western Dental sent each class member the same form letter.

### d. Adequacy of Representation

Rule 23(a)(4) requires the named plaintiffs to fairly and adequately protect the interests of the class.  Fed. R. Civ.P. 23(a)(4).  The plaintiff's counsel must be qualified, experienced and generally able to conduct the proposed litigation. <u>Connor v. Automated Accounts, Inc.</u>, 2001 U.S. Dist. LEXIS 10458, *9 (E.D.Wash. July 18, 2001).  Additionally, the named plaintiff must have no interests antagonistic to the class. <u>Id</u>.

Mr. Wilcox and Mr. Bragg are qualified, experienced and very able to conduct this litigation.  The U.S. District Court for the Northern District of California has stated, "it seems clear that the lead counsel for this lawsuit, O. Randolph Bragg, has been qualified and found competent to represent similar class actions." <u>Abels v. JBC Legal Group, P.C.</u>, 227 F.R.D. 541, 545 (N.D.Cal. 2005).  Also, see: <u>Littledove v. JBC & Assocs.</u>, 2001 U.S. Dist. LEXIS 139, *12 (E.D.Cal., Jan. 10, 2001); <u>Irwin v. Mascott</u>, 96 F.Supp.2d 968, 978-979 (N.D.Cal. 1999); <u>Ballard v. Equifax Check Services, Inc.</u>, 186 F.R.D. 589, 595 (E.D.Cal. 1999); <u>Swanson v. Mid Am, Inc.</u>, 186 F.R.D. 665, 668 (M.D.Fla. 1999) ("The Declaration of O. Randolph Bragg shows Plaintiff's counsel, O. Randolph Bragg, is qualified to conduct class action litigation.").  Ms. Campos does not have any interests antagonistic to the class.  Therefore, the requirements of Rule 23(a)(4) are satisfied.

### 2. Rule 23(b)(3)

"To qualify for certification under this subsection, a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must 'predominate over any questions affecting only individual members,' and class resolution must be 'superior to other

available methods for the fair and efficient adjudication of the controversy.'" <u>Hanlon v. Chrysler Corp.</u>, supra at 1022 (quoting Fed. R. Civ. P. 23(b)(3)).

Defendants have acted in the same manner toward each class member, *i.e.* – the same form letter (<u>Exhibit B</u> attached to the complaint) was sent to each class member. "Predominance is a test readily met in certain cases alleging consumer . . . fraud. . . ." <u>Amchem Prods., Inc. v. Windsor</u>, supra 117 S. Ct. at 2250 (citations omitted). Resolution of this matter as a class action is superior to other methods of resolution. In the FDCPA case of <u>Ballard v. Equifax Check Services, Inc.</u>, 186 F.R.D. 589, 600 (E.D.Cal. 1999), the district court stated:

> The court finds that a class action in this context is superior to individual claims. First, individual consumers are most likely unaware of their rights under the FDCPA. Class action certification to enforce compliance with consumer protection laws are "desirable and should be encouraged." ... Second, the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually. ... Third, efficiency and inconsistency of concerns favor litigating the legality of ECS's standardized conduct by all class members in one suit, rather than forcing each class member to sue individually. ...

Thus, the criteria of Rule 23(b)(3) has been satisfied. The Court should grant certification of the class for the purpose of settlement.

**B.      STANDARD FOR APPROVAL OF A CLASSWIDE SETTLEMENT**

The Ninth Circuit has stated the standard for approval of a class settlement as follows:

> Fed. R. Civ. P. 23(e) provides that "[a] class action shall not be dismissed or compromised without the approval of the court . . . ." Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the "universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615 at 625 (9th Cir. 1982), cert. denied, 459 U.S. 1217, 75 L. Ed. 2d 456, 103 S. Ct. 1219 (1983). *See generally* Marc Glanter, *The Federal Rules and the Quality of Settlements*, 137 U.Pa.L.Rev. 1231 (1989).

<u>Class v. City of Seattle</u>, 955 F.2d 1268, 1276 (9th Cir. 1992). "Rule 23(e) has been interpreted to require the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." <u>In re Mego Fin. Corp. Sec. Litig.</u>, 213 F.3d 454, 458 (9th Cir. 2000). See: <u>Manual for Complex Litigation, Fourth</u> §21.63 (Federal Judicial Center 2004).

In order for the Court to approve a class action settlement pursuant to Rule 23(e), the Ninth Circuit requires that the settlement be fundamentally fair. *In re Mego Fin. Corp. Sec. Litig.*, supra at 454; *Class v. City of Seattle*, supra at 1276. Pursuant to the proposed settlement, notice will be mailed to each class member as approved and directed by the Court.

The settlement proposed here is fair to all parties and class members. Defendants Western Dental Services, Inc. and Jennifer Roth have agreed to pay a total of $5,000 to plaintiff Nancy Campos and to provide a settlement value of approximately $225,000 to the class of 6400 members, who will each receive $35.00 of value, with (a) this amount deducted from any outstanding balance of the class member to Western Dental or (b) for those who owe less than $35.00, a check in an amount equal to the excess of (*i*) $35.00, minus (*ii*) the amount of the Settlement Class Member's debt to Western Dental, if any paid directly to the class member. Defendants have also agreed to bear the cost of class notice and administration. Finally, Defendants have agreed to pay costs, expenses, and attorneys fees as agreed by the parties or determined by the Court. An award of costs and attorneys fees is available where the consumer is successful in FDCPA litigation. 15 U.S.C. §1692k(a)(3). Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Zagorski v. Midwest Billing Services*, 128 F.3d 1164, 1166-67 (7th Cir. 1997). *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). See also *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

In the Ninth Circuit, prior to final approval, to determine whether a proposed settlement is fair, reasonable and adequate, a court may consider "some or all" of the following factors: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Linney v.*

*Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998).  Indeed, one factor alone may prove determinative.  *Id.*  (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993)).  Consideration of these factors lead to the conclusion that preliminary approval the Settlement should be granted.

### 1. Strength of Plaintiff's Case

It is undisputed that the form letter attached as Exhibit B to the Complaint was sent to numerous individuals throughout the United States by Western Dental, and that the letter does not reflect on its face that Western Dental, and not a private law office, sent the letter.  Ms. Campos contends that this is a clear violation of the FDCPA, 15 U.S.C. §§1692e(3), e(10), and 1692j and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.*, ("CA FDCPA")..  Plaintiff also asserts that Defendants have violated 15 U.S.C. §§1692e(11) and 1692g by failing to provide the validation notice and debt collection warning in Exhibit B.

Defendants would present evidence that the letter at issue was only sent after six earlier letters – all in compliance with law – were sent in an unsuccessful effort to collect an undisputed debt.  Western Dental would also claim that the amounts it is owed far exceed the maximum allowable recovery under the statutes at issue, and argue it was entitled to an offset which would result in little or no payment to the class.

Plaintiff is confident she will prevail on Defendants' violations of the FDCPA and the CA FDCPA.  However, Defendants may be successful in their claims of setoff and, thereby, eliminate or grossly reduced a class recovery.

### 2. Risk, Expense, Complexity and Likely Duration of Further Litigation

There is a substantial risk that the class would receive little or no recovery because the debts of the class members would be subject to a setoff for the amounts owed Western Dental.  In the aggregate, such a setoff would vastly exceed the cap on statutory damages pursuant to the FDCPA ($500,000) and the CA FDCPA ($500,000).  Nor is there any assurance that the Court, after trial and after consideration of all arguments in mitigation, would award the maximum amount of statutory damages pursuant to the FDCPA ($500,000) and pursuant to the CA FDCPA

($500,000) . It is anticipated that Western Dental would highlight its status as a dental services provider that serves underprivileged communities and offer evidence that any violation of the FDCPA and/or the CA FDCPA was inadvertent.  Under those circumstances, there is a strong risk that, following lengthy and expensive proceedings, little or no compensation would be recovered for the class.

In addition to the risk, complexity and expense associated with the establishment of liability, statutory damages, and Defendants' claimed setoff,  it is clear that continued litigation would be expensive and would prolong the duration before any possible recovery.  The tenacity displayed by both parties thus far in the litigation strongly suggests that the matter would be vigorously defended through trial -- and beyond.

### 3. **The Risk of Maintaining Class Action Status Throughout the Trial**

Plaintiff's initial motion for class certification was denied without prejudice. <u>Campos v. Western Dental Servs.</u>, 404 F.Supp.2d 1164 (N.D.Cal. 2005).  Ms. Campos is optimistic that her subsequent motion for class certification will be granted and maintained through trial, but a risk exists that certification could be denied or terminated prior to trial.

### 4. **The Amount Offered in Settlement**

After lengthy negotiations and a settlement conference with Magistrate Judge Trumbull, Defendants have agreed to compensate each of the class members as described above, for a total value of approximately $225,000.  Class members are not required to submit a claim form or any proof.  Each will receive $35.00 of value, with (a) this amount deducted from any outstanding balance of the class member to Western Dental or (b) for those who owe less than $35.00, a check in an amount equal to the excess of (*i*) $35.00, minus (*ii*) the amount of the Settlement Class Member's debt to Western Dental, if any paid directly to the class member.

### 5. **The Extent of Discovery Completed and the Stage of the Proceedings**

The parties have exchanged written discovery.  Depositions have not yet been taken.

The complaint in this action was filed May 24, 2005.  Prior to an agreement to settle this litigation, the parties engaged in motion practice resulting in <u>Campos v. Western Dental Servs.</u>, 404 F.Supp.2d 1164 (N.D.Cal. 2005).

### 6. The Experience and Views of Counsel

Plaintiff Nancy Campos is represented by Ronald Wilcox and O. Randolph Bragg. Mr. Bragg has been in practice for 33 years, primarily in the area of consumer class action litigation.  Mr. Wilcox has been in practice for ___ years; his practice includes bankruptcy and consumer litigation.

Defendants Western Dental Services, Inc. and Jennifer Roth are represented by Dan Marmalefsky and William L. Stern.  Each has been in practice since 1980 and has substantial experience in the defense of consumer class action litigation.

Both counsel for Plaintiff and the proposed class and counsel for the Defendants believe that under the circumstances the proposed settlement is fair, reasonable, and adequate and recommend that the Court approve the settlement of this litigation.

### 7. The Presence of a Governmental Participant

No governmental entity is participating in this litigation.

### 8. The Reaction of the Class Members to the Proposed Settlement

Notice has not yet been sent to any of the class members.  Therefore, there is no known reaction to this proposed settlement.

Upon consideration of the foregoing eight factors, the proposed settlement of this litigation is fair, reasonable, and adequate.  The parties request the Court to approve the settlement of this class action.

## V. CONCLUSION

The parties request that the Court grant preliminary approval of the class action settlement agreement. The agreement is fair, reasonable, and adequate to the parties and class members.

I, William L. Stern, am the ECF user whose ID and password are being used to file this Memorandum In Support of Joint Motion For Approval Of Class Settlement. In compliance with General Order 45.X.B, I hereby attest that Ronald Wilcox has concurred in this filing.

Dated: July 7, 2006     WILLIAM L. STERN
DAN MARMALEFSKY
RITA F. LIN
MORRISON & FOERSTER LLP

By:  //s//
William L. Stern

Attorneys for Defendants
WESTERN DENTAL SERVICES, INC.
and JENNIFER ROTH

Dated: July 7, 2006     RONALD WILCOX
O. RANDOLPH BRAGG
HORWITZ, HORWITZ & ASSOCIATES

By:  //s//
Ronald Wilcox

Attorneys for Plaintiffs
NANCY CAMPOS